CARRIE SCHLAG, ADMINISTRATRIX, *vs.* ARTHUR PAFFNEY.

Third Judicial District, Bridgeport, October Term, 1925.
WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Although this court must make every reasonable assumption in favor of the correctness of the decision of a trial judge to set aside a verdict, and although his action will never be disturbed unless it clearly appears that his discretion was unreasonably exercised, it is, nevertheless, always to be remembered that one obviously immovable limitation upon the exercise of that discretion is the constitutional right of trial by jury which, in a proper case, includes the right to have issues of fact, as to which fair-minded men may reasonably differ, passed upon by the jury and not by the court.

The evidence in the present case reviewed, and the action of the trial court in setting aside a verdict for the defendant *held* erroneous.

Argued October 29th—decided December 23d, 1925.

ACTION to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Hinman, J.;* verdict for the defendant, which the court, upon the plaintiff's motion, set aside, and from this decision the defendant appealed. *Error; judgment to be rendered on the verdict.*

*Charles W. Bauby,* for the appellant (defendant).

*Edward B. Reiley,* with whom was *Sidney S. Cassell,* for the appellee (plaintiff).

PER CURIAM. The trial court set aside the verdict for the reason that the evidence established by an overwhelming preponderance that the defendant was negligent in the operation of the truck, and that such negligence was the proximate cause of the death of the decedent, and that the conclusion was inescapable that the jury were moved by inadmissible considerations and that the verdict was the product of sympathy or prejudice.

The negligence claimed by the plaintiff to have been proved was in the operation of the truck at a reckless and dangerous rate of speed. Three witnesses testified in behalf of the plaintiff, and six in behalf of the defendant. In this conflict of the evidence, the jury found in favor of the contention of the defendant. We do not find upon an examination of the evidence an overwhelming preponderance in favor of the plaintiff. All that we find is a case of conflicting evidence depending for its solution upon the credibility of witnesses. Nor are we able to find upon the record a case where the jury have been swayed by prejudice or sympathy, much less where they have been so swayed in disregard of the overwhelming preponderance of the

evidence. We recognize that the trial judge in setting aside this verdict acted in the exercise of a sound discretion, and that his action is not to be disturbed by us unless it clearly appears that his discretion was unreasonably exercised, and further, that in making our decision we must make every assumption which can reasonably be made in favor of the correctness of his decision. *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 Atl. 169. We cannot lose sight of that other principle of our law: "One obviously immovable limitation on the legal discretion of the court in such cases is the constitutional right of trial by jury, which in a proper case includes the right to have issues of fact, as to the determination of which there is room for a 'reasonable difference of opinion among fair-minded men, passed upon by the jury and not by the court." *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 Atl. 1057. This case we think to be a clear illustration of this principle.

There is error and the cause is remanded with direction to render judgment upon the verdict.

From this opinion HAINES, J., dissented.