RAYMOND S. MENTZER *vs.* GEORGE J. ZIRON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 5th—decided July 16th, 1934.

*Hugh J. Lavery,* with whom was *H. Frederick Day,* and, on the brief, *George N. Finkelstone,* for the appellant (defendant).

*Vincent L. Keating,* with whom, on the brief, was *John C. Thompson,* for the appellee (plaintiff).

PER CURIAM. This case arose out of a collision between automobiles operated respectively by the plaintiff and the defendant. The defendant appeals from the denial of his motion to set aside the verdict of the jury in favor of the plaintiff, and the only question presented upon the appeal is whether, upon the evidence, the plaintiff was guilty of contributory negligence as a matter of law.

The jury could reasonably have found the following facts: The accident occurred on North Main Street in Stratford, which runs north and south. At that point the traveled portion of the highway is of concrete construction, twenty feet in width. On the east of the highway about opposite the point of collision is a row of stores with a sidewalk in front of them. It is forty-three feet from the east edge of the concrete to the outer edge of the sidewalk, and the space between the concrete and the sidewalk is commonly used as a parking space by customers of the stores. The defendant's delivery car was parked in this space headed toward the store at the edge of the sidewalk. He backed around until his car was headed north, and started to go in that direction in order to enter upon the concrete road. The plaintiff was coming from the south on the easterly side of the concrete road at a speed of about thirty-five miles an hour, and the rear

right side of his car came in collision with the left front hub cap of the defendant's car shortly after the latter had started up after backing out from the parking place. The plaintiff, when he was about one hundred and fifty feet away, saw defendant's car standing upon the gravel section of the road ten or fifteen feet east of the edge of the concrete and facing north. He then looked to his left, toward a street that intersects North Main Street just beyond the point of collision from the west and then ahead, and did not see defendant's car again before the collision. The defendant's sole claim is that plaintiff was negligent in that he did not continue to watch the defendant's car after he first saw it, but looked to the left instead. It was the plaintiff's claim, which the jury were entitled to accept, that he saw defendant's car during the interval when it had backed around and was at a standstill parallel with the concrete road and ten or fifteen feet distant from it, and when there was no indication that it was about to start out onto the traveled portion of the highway. The collision occurred a matter of seconds later. It was not the plaintiff's duty to keep his eyes fixed upon defendant's car without interruption during that period. *Buckbee* v. *Schofield,* 108 Conn. 560, 562, 143 Atl. 884. Whether his conduct was that of a reasonably prudent man was a question of fact for the jury.

The defendant further contends that plaintiff's conduct was in violation of the statute (General Statutes, § 1639) providing that any operator of a vehicle upon the highway shall pass to the left of any person overtaken and shall not pass again to the right of the highway until his vehicle has cleared the vehicle overtaken by twenty feet, and that the plaintiff was therefore negligent as a matter of law. The statute is not applicable to the situation presented upon the facts as

they were claimed by the plaintiff and which the jury were justified in finding.

There is no error.