ANNA OLSEN *vs.* ANTHONY S. GENALSKY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 7th—decided May 14th, 1936.

*William Hanna,* with whom was *George T. George,* for the appellant (defendant).

*Harry Freedman,* for the appellee (plaintiff).

AVERY, J.   This is an appeal from the denial of the defendant's motion to set aside the verdict of a jury in favor of the plaintiff.   Viewing the evidence in the light most favorable to the plaintiff, the jury might reasonably have found the facts as follows: On March 25th, 1934, at about 9 p.m., while crossing Park Avenue in Bridgeport, the plaintiff was struck and injured by an automobile owned and operated by the defendant.   At the point of the collision, Park Avenue runs substantially north and south, is fifty feet in width from curb to curb with a double line of trolley tracks, the most westerly rail of the southbound track being about fifteen feet from the westerly curb.   The plaintiff walked northerly on the westerly sidewalk until she had reached a point opposite a pole designated as a regular stopping place for southbound trolley cars.   This pole was situated at the curb on the sidewalk at a point approximately half-way between the intersection of Park Avenue with Maplewood and Beechwood Avenues.   There was a similar pole upon the easterly side of the street which was a regular stopping place for northbound cars.   The plaintiff intended to cross to the stopping place on the easterly side and board a car to take her to her home in Stratfield.   She stopped at the pole on the curb at the westerly sidewalk and, before stepping from the curb, looked north and south for approaching traffic.   From the south, she saw nothing approaching except a northbound trolley car more than two blocks away; from the north about a block away, a distance which the defendant concedes to be about three hundred feet, she saw his

automobile approaching. Believing that she had abundant time to cross, she stepped from the curb and as she did so looked again to the north and saw the automobile about the same distance away. Still believing she had time to cross, she continued into the street for several steps and was struck by the right front fender of the automobile. When at the intersection of Beechwood and Park Avenues, the defendant saw the plaintiff standing at the pole; he did not see her again until the collision. The only testimony as to speed was that of the defendant who placed it at about twenty miles an hour but obviously, if the jury believed the testimony of the plaintiff, as they had a right to do, the speed of the car was much greater than that. The defendant was driving his automobile with its left wheel about upon the westerly track and as this was fifteen feet from the curb, the point of the collision is indicated as approximately ten feet from the westerly curb. The place of the accident was well lighted and there was nothing to obscure the defendant's view of the plaintiff who was in plain sight of the operator for a distance of at least three hundred feet as he drove from Beechwood Avenue to the point of the collision. The defendant gave no warning to the plaintiff of his approach nor did he change the speed or alter the course of the automobile or do anything to avoid striking her as she walked into the street from the curb to the place where the accident occurred.

From all the circumstances in evidence, there was room for reasonable men to differ as to whether the defendant was negligent in failing to see the plaintiff in the street, to give warning of his approach, and to keep his car under reasonable control to avoid striking her; and as to whether the plaintiff herself was in the exercise of reasonable care in crossing the street in

the manner in which she did. The jury resolved both issues in favor of the plaintiff. The trial judge refused to set aside the jury's verdict and his decision is entitled to great weight. *Roma* v. *Thames River Specialties Co.*, 90 Conn. 18, 20, 96 Atl. 169; *Schlag* v. *Paffney,* 103 Conn. 683, 685, 131 Atl. 420. We cannot say that as a matter of law the plaintiff was guilty of contributory negligence or the defendant free from negligence in the premises. *Catricola* v. *Hayes,* 114 Conn. 716, 717, 157 Atl. 271; *Porcello* v. *Finnan,* 113 Conn. 730, 733, 156 Atl. 863; *Robinson* v. *Backes,* 91 Conn. 457, 460, 99 Atl. 1057.

There is no error.

In this opinion the other judges concurred.