ANTHONY V. PALOMBIZIO *v.* JAMES F. MURPHY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued March 5—decided April 28, 1959

*Robert E. Mansfield,* with whom was *George W. Ripley,* for the appellant (defendant Seremet).

*Wallace R. Burke,* with whom, on the brief, was *Maxwell Heiman,* for the appellee (plaintiff).

MELLITZ, J.  The plaintiff brought this action to recover damages for injuries he sustained while riding as a passenger in an automobile operated by the defendant Seremet when it came into collision with an automobile operated by the defendant Murphy. Murphy suffered a default and judgment was rendered against both defendants.  Seremet appealed. Assignments of error directed to the subordinate facts found by the trial court are not discussed in Seremet's brief and are treated as abandoned.  Maltbie, Conn. App. Proc. § 327.  The dispute between the parties concerns the conclusions drawn by the

trial court from the subordinate facts found. These facts, so far as necessary for a consideration of the errors assigned, are as follows: On June 23, 1955, at about 7:30 p.m., Seremet was operating his automobile easterly on the eastbound traffic lane of the Merritt Parkway at a point about two-tenths of a mile west of the New Canaan town line. The plaintiff was asleep on the rear seat, and another passenger, Stephen Wasik, was riding in the front seat with Seremet. The three were returning from New York City, where they had conferred with officials of the Knights of Columbus concerning the establishment of a local council in Newington, Connecticut, where they lived. As they drove along, Seremet and Wasik were discussing the business on which they had gone to New York. It was light, the weather was clear, and the roadway dry. The eastbound and westbound lanes of the parkway were separated by an esplanade which was twenty-one feet wide at this point. As his automobile was proceeding along a gradual southerly curve in the highway, and with a clear and unobstructed view of the highway ahead of him for more than 1000 feet, Seremet saw a cloud of dust rise about 600 feet away in the north or westbound half of the parkway. He did not watch this cloud of dust or attempt to ascertain its cause. Instead he took his eyes off the road and turned his head to the right toward Wasik, who was taking some papers connected with their business out of his coat pocket to show them to Seremet. Before Seremet returned his eyes to the road, there was a terrific collision between his car and that of the defendant Murphy. Seremet never saw the Murphy car.

Shortly before the collision, Murphy had been driving his car westerly on the westbound traffic lane, or north half, of the parkway. He lost control

of his car and struck the north curb of the westbound lane. He proceeded along this curb about 100 feet and then traveled about 150 feet diagonally across the westbound lane in a southwesterly direction. He mounted the esplanade, traveled diagonally across it for about 80 feet and entered the eastbound lane, where he left tire marks for a distance of 78 feet. At some point his car was catapulted into the air and landed on top of the Seremet car. It is impossible to fix the point or manner of impact between the two cars. The top of Seremet's car was crushed and torn off. The car came to rest about 61 feet south of the highway, and the Murphy car about 11 feet south of the highway and 91 feet west of the Seremet car. Before the collision, the speed of Seremet's car was 45 miles an hour. The posted speed limit on the highway was 55 miles per hour. Wasik was instantly killed in the accident. Before the trial Murphy suffered a judgment by default. He did not appear at the trial nor was he represented by counsel. The trial court concluded that the act of Seremet in taking and keeping his eyes off the road for an appreciable period of time after seeing the cloud of dust in the north half of the highway was an act of negligence which was a substantial factor in, and therefore a proximate cause of, the collision.

The claimed errors pursued by Seremet are in the conclusions drawn by the trial court and in a ruling on evidence. A police officer who had investigated the accident was called as a witness by the plaintiff. On cross-examination, he testified that he questioned Murphy at the Stamford Hospital. When Seremet sought to elicit from the officer what Murphy had told him, the plaintiff objected on the ground that the testimony would be hearsay so far as he, the plaintiff, was concerned. The objection was sus-

tained and an exception taken. It was Seremet's contention that the sole proximate cause of the plaintiff's injuries was the negligence of Murphy and that since Murphy was a party defendant, his statement to the police officer was admissible against him as an admission by a party of a material fact. It was, of course, permissible for Seremet to defend on the ground that Murphy's negligence was the sole proximate cause of the plaintiff's injury. *Ferino* v. *Palmer,* 133 Conn. 463, 468, 52 A.2d 433. But to establish that fact, it was incumbent upon Seremet to present evidence which, as to the plaintiff, was not violative of the hearsay rule. A statement made by Murphy out of court, unless in the presence of the plaintiff, was hearsay as to the plaintiff and inadmissible. The issue of Murphy's liability to the plaintiff was no longer in the case. The default entered against him precluded him from making any further defense so far as liability was concerned and removed that issue from the case. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146. As to Murphy, the trial was merely a hearing in damages. Whether or not he had made an admission relating to the manner in which the collision occurred was no longer of moment to the plaintiff. Any admission Murphy may have made would, if relevant, be admissible only as against him. *Santossio* v. *D'Addario,* 143 Conn. 563, 566, 123 A.2d 870. Seremet sought to employ the statement as if the present litigation involved an issue of the liability of one defendant to the other. The issue here is the liability of the defendants to the plaintiff. Neither defendant may litigate in this proceeding the liability of one defendant to the other. *Puleo* v. *Goldberg,* 129 Conn. 34, 38, 26 A.2d 359. The ruling of the trial court in excluding the evidence was correct.

The remaining question is whether the court could properly conclude, on the facts established, that Seremet was guilty of negligence which was a proximate cause of the collision. Whether his act of taking his eyes off the road, as the trial court found he did, may be held under the circumstances to constitute an act of negligence presents a close question. In the view of the trial court, Seremet was guilty of an act of negligence which was a proximate cause of the collision when, traveling on a highway where the posted speed limit was 55 miles an hour, he saw a cloud of dust about 600 feet ahead of him in the north half of the highway and, in spite of such an unusual event, took his eyes off the road at that moment and kept them off the road right up to the time of the impact, thus disabling himself, by his voluntary act, from altering the course of his car or from altering the speed either upward or downward, any one of which measures might have enabled him to avoid the collision.

The circumstances of each case must determine the degree of alertness required of an operator of an automobile in keeping a lookout for road hazards, and the mere fact that he is traveling in his proper lane of traffic does not relieve him of the duty to maintain a reasonable and proper lookout. *Knudson* v. *Boren,* 261 F.2d 15, 19. He is not necessarily negligent merely because he fails to look ahead continually and uninterruptedly. *Buckbee* v. *Schofield,* 108 Conn. 560, 562, 143 A. 884; *Mentzer* v. *Ziron,* 118 Conn. 704, 706, 174 A. 260. But he is required to keep a reasonable lookout for any persons and traffic he is likely to encounter, and he is chargeable with notice of dangers of whose existence he could become aware by a reasonable exercise of his faculties. "[T]he driver of an automobile is chargeable, not

only with notice of conditions which he knows to exist, but with conditions which by the reasonable exercise of his faculties he could learn the existence of, since it is his duty to use reasonable care to discover dangers or conditions of danger to which he may be exposed as well as to avoid those which are known to him." *Plucherino* v. *Shey,* 108 Conn. 544, 546, 143 A. 886. The trial court's conception was that a reasonably prudent operator, confronted by an unusual event such as that which came to the attention of Seremet, would have been alert and watchful until he either passed the scene or learned the cause of the cloud of dust, and that Seremet failed in this respect and was, therefore, negligent. Ordinarily, a conclusion of negligence is one of fact for the reason that "the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier." *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 A. 675; *Pillou* v. *Connecticut Co.,* 143 Conn. 481, 484, 123 A.2d 470. We cannot say that the trial court could not properly, upon the facts before it, reach the conclusion that Seremet was guilty of an act of negligence.

The plaintiff was, however, bound to prove not only that Seremet was negligent but that his negligence was the cause of the plaintiff's injuries. He was bound also to remove the causal relationship from the realm of speculation. *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 419, 101 A.2d 491; *Vastola* v. *Connecticut Protective System, Inc.,* 133 Conn. 18, 20, 47 A.2d 844; *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 398, 71 A. 553. In the establishment of causation between negligence

and injuries which follow, the court is not concerned with possibilities but with reasonable probabilities. *Richardson* v. *Pratt & Whitney Mfg. Co.,* 129 Conn. 669, 672, 30 A.2d 919. The correct method of determining the existence of the causal relationship is to look back from the injury to the negligent act. *Collins* v. *City National Bank & Trust Co.,* 131 Conn. 167, 171, 38 A.2d 582. In the view of the trial court, looking back from the collision here, there were several alternatives open to Seremet had he been watchful while the Murphy car was bearing down on him, any one of which might have enabled him to avoid the collision. He might have increased or reduced the speed of his car, or turned out, or stopped. There would have been no occasion or reason for him to do any of these things until the danger from the approach of the Murphy car became reasonably apparent, but it could have been found that an awareness on his part of the necessity for some such action should have arisen when the Murphy car began its course diagonally in a southwesterly direction across the north half of the parkway. It traveled in that direction about 150 feet, mounted the esplanade and traveled diagonally across it for about 80 feet and then a distance of 78 feet in the eastbound or southerly half of the parkway before it was catapulted in the air and landed on the Seremet car. Seremet was then traveling at a speed of 45 miles an hour and we cannot say, as a matter of law, that the trial court could not reasonably find that Seremet would have had a reasonable opportunity, had he been alert, to take some action which would have avoided the collision. Here, as with respect to the finding of negligence, a close question is presented, but we are reviewing the conclusion of the trial court. If there is room for a

reasonable difference of opinion on the issue of proximate cause, the determination is for the trier. *Edgecomb* v. *Great Atlantic & Pacific Tea Co.*, 127 Conn. 488, 492, 18 A.2d 364. We cannot say that there was no basis in the finding for the conclusion of the trial court that the action of Seremet in taking his eyes off the road was a substantial factor in the collision.

There is no error.

In this opinion the other judges concurred.