RICHARD BROOKS ET AL. *v.* OTTO E. SINGER

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued January 5—decided March 1, 1960

*Raymond W. Ganim,* with whom, on the brief, was *George C. Furkiotis,* for the appellants (Joseph J. Brooks et al.).

*Adrian W. Maher,* with whom, on the brief, was *James J. Maher,* for the appellee (defendant).

PER CURIAM. The sole question on this appeal is whether the trial court erred in granting the motion to set aside the verdict as to certain of the plaintiffs unless they filed remittiturs. In such a case, it is the action of the trial court which is reviewed, and that action will not be reversed unless the broad legal discretion vested in the trial court was abused.

*Butler* v. *Steck,* 146 Conn. 114, 117, 148 A.2d 246; *Pischitto* v. *Waldron,* 147 Conn. 171, 175, 158 A.2d 168. In its memorandum of decision, the trial court, after a careful review and analysis of the evidence relating to damages, concluded that the verdict was, as to certain of the plaintiffs, influenced by partiality, prejudice or mistake. This conclusion is fortified by the fact that the jury at one point brought in a verdict which was, as to three other plaintiffs, contrary to the express instructions of the charge.

The appellants failed to file an appendix to their brief pursuant to the rules. Practice Book §§ 447, 448; Maltbie, Conn. App. Proc., §§ 330, 331. In determining whether the trial court abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d 463. From the evidence which has been made available to us through the defendant's appendix, which was the only evidence before us, it appears that the court was amply justified in taking the action which it did.

There is no error.