JULIUS KRONISH *v.* ANTHONY PROVASOLI

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued February 8—decided March 16, 1962

*Dennis N. Garvey,* with whom was *Alan R. Weiner,* for the appellant (plaintiff).

*Kevin T. Gormley,* with whom, on the brief, was *Martin E. Gormley,* for the appellee (defendant).

KING, J. This action arose out of a collision between a car owned and operated by the plaintiff and one owned and operated by the defendant. The jury returned a verdict for the plaintiff. The defendant, in accordance with § 234 of the Practice Book, had moved for a directed verdict in his favor and, after the return of the verdict, moved that it be set aside on the ground that it was against the evidence and, further, that judgment be entered for the defendant. The court granted the motion in toto, and from judgment for the defendant the plaintiff appeals. The court filed a memorandum of decision setting forth with considerable care its reasons for setting aside the verdict. In brief, the court held that the jury could not find otherwise than that the defendant had proven contributory negligence.

If, on the evidence as presented and under the pleadings, the jury could reasonably have found in accordance with the verdict as rendered, then it could not be set aside as being against the evidence. *Goodman* v. *Norwalk Jewish Center, Inc.*, 145 Conn. 146, 154, 139 A.2d 812. Even if the court below, or this court, felt that the jury would have used better judgment if they had returned a defendant's verdict on the basis of contributory negligence, this, without more, would give no right to set the verdict aside. *Labbee* v. *Anderson,* 149 Conn. 58, 60, 175 A.2d 370, and cases cited therein. Contributory negligence is an affirmative defense, and only if the jury were compelled to find it proven could the verdict be set aside on the ground adopted by the trial court. *Tarzia* v. *Koopman,* 147 Conn. 540, 544, 163 A.2d 320.

The facts which are material to the issue involved in this appeal and which the jury might have found may be rather briefly summarized. Helen Street in Hamden runs generally east and west and is about thirty-four feet wide. It is intersected on the south, but not crossed, by Fairview Avenue, which runs generally north and south and is about thirty feet wide. An overhead traffic control light flashes yellow for traffic moving in either direction on Helen Street. Traffic also moves in both directions on Fairview Avenue. About 8:30 a.m. on September 19, 1957, which was a bright, clear, dry day, the plaintiff was operating his car westerly on Helen Street. The defendant had stopped his car, to take on a passenger, at the curb on the south side of Helen Street, facing east, at a point about 100 feet west of the intersection. At some time, the defendant put his car in motion and proceeded easterly along Helen Street toward the intersection.

The plaintiff's car was not equipped with a mechanical signaling device, but as he approached the intersection he slowed down and put out his left hand to signal his intention to make a left turn south into Fairview Avenue. His car and that of the defendant collided in the southwest quadrant of the intersection. The plaintiff testified that the collision occurred within the intersection but that the impact pushed his car ten or twelve feet to the east. The front of the plaintiff's car and the front and left front of the defendant's car were damaged. The plaintiff's car was proceeding through the intersection at about ten or fifteen miles an hour at the time of the impact. The plaintiff did not see the defendant's car until the plaintiff had partially made his left turn and the defendant's car "shot directly in front of" the plaintiff. The defendant first saw the plaintiff's car before it reached the intersection, and thereafter he had it in sight; he saw it slowing down and assumed that the plaintiff might be going to make a turn; nevertheless the defendant continued on, at a claimed speed of about fifteen miles an hour, and did not sound his horn or apply his brakes. He thought that the plaintiff would let him through and kept going.

The evidence discloses no action on the part of the plaintiff which would warrant the defendant's claimed assumption. The jury were fully justified in finding the defendant negligent. Where, as here, one of the cars approaching an intersection is intending to make a left turn, the rights and obligations of the operators are governed by §§ 14-241 (b), 14-242 (a) and (b), 14-244 and 14-246 of the General Statutes. Under § 14-246, "[t]he driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to any vehicle approach-

ing from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard . . . ." The jury could find that the plaintiff was within the intersection and in the course of making a left turn before the defendant's car had reached the intersection. This, however, is not conclusive of the right of way under the statute. The defendant would still have the statutory right of way if, even though no part of his car was actually within the intersection, his car was so close thereto as to constitute an immediate hazard, that is, so close thereto that a reasonably prudent person, in the plaintiff's situation and intending to make a left turn, would believe that if he did make and complete the left turn, there would be an immediate danger or risk of a collision, even though it might not be a certainty. If, however, the defendant's approaching car was neither within the intersection nor so close thereto as to constitute an immediate hazard, and the plaintiff's car was within the intersection, the plaintiff would have the right of way to make a left turn, if, as the jury could find, he had given the signal required by the signaling statutes, §§ 14-242 (b) and 14-244.

The jury were not required to believe that the defendant's car started up before the plaintiff had given a turn signal and had entered the intersection. They could find that the plaintiff had the right of way under the statutes. On the ground that the plaintiff would have no occasion to consider a vehicle standing at the curb 100 feet from the intersection or anticipate that it would start up and hasten through the intersection in disregard of his statutory right of way, the jury could find that the plaintiff's failure to note or be aware of the defendant's car when it was stopped at the curb was

not negligence. They could find that a proper look-out by the plaintiff included observation to his left (south) as he crossed the east half of Fairview Avenue as it extended into Helen Street; that the defendant was late for work; and that the time required for the defendant's car to start up and reach the intersection would be but a few seconds. Under these findings, the jury could not unreasonably conclude that the plaintiff had not been proven negligent in failing to look to the west during the short time taken by the defendant's car, after it was put in motion, to reach the intersection, where the plaintiff first became aware of it and saw it. *Mentzer* v. *Ziron,* 118 Conn. 704, 706, 174 A. 260; *Alderman* v. *Kelly,* 130 Conn. 98, 100, 32 A.2d 66.

Since it cannot be said that no reasonable jury could have failed to conclude that the plaintiff was chargeable with contributory negligence, the court should not have set aside the verdict.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff on the verdict.

In this opinion the other judges concurred.