[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 13, 1992, plaintiff Michael Arroyo filed this product liability action in one count against defendant UBE Industries America, Inc. On March 9, 1992, the court, O'Neill, J., granted plaintiff's motion to cite in R. L. Best Company as a party defendant. on March 25, 1992, plaintiff filed an amended complaint adding a second count in product liability against defendant R. L. Best Co. In count one of the amended complaint plaintiff alleges that he was injured on August 31, 1990 while assisting in the operation of a 1800 Ton Extrusion Press that defendant UBE "manufactured, sold, delivered, assembled, and/or installed." In count two plaintiff alleges that defendant R. L. Best Co. is "engaged in the business of designing, manufacturing, distributing, selling, assembling and/or installing" the 1800 Ton Extrusion Press. Plaintiff alleges that R. L. Best Co. "manufactured, sold delivered, assembled and/or installed" the subject 1800 Ton Extrusion CT Page 3661 Press.
On August 18, 1992, defendant R. L. Best filed an answer, admitting the assembly and/or installation of the subject Press, and five special defenses asserting plaintiff's negligence and misuse of the Press, plaintiff's employer Easco Aluminum Corp.'s negligence, the carelessness of other persons working on the Press, and the liability of UBE under the Product Liability Act. On October 6, 1992, plaintiff filed a reply to R. L. Best Co.'s defenses.
On December 1, 1992, defendant R. L. Best Co. filed a motion for summary judgment supported by a memorandum of law, the affidavit of Mark Best, Vice President of R. L. Best Co., a copy of the R. L. Best Co.'s contract with plaintiff employer Easco, and a copy of R. L. Best Co.'s Notice of Filing Requests for Admission directed to UBE which original appears in the file as #131. On December 31, 1992, plaintiff filed a memorandum of law in opposition to the motion for summary judgment along with a copy of Stenson v. The Staver Co., Inc., 09-60-06, Judicial District of Waterbury, (August 25, 1992, Langenbach, J.), and copies of six documents purported to be a quotation, two purchase orders, an offer, a freight bill, and an invoice, all concerning the subject press.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Practice Book 384; Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). A material fact is one that will make a difference in the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111,491 A.2d 368 (1985).
For motions filed after October 1, 1992, "the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial." Practice Book 379. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, CT Page 3662 written admissions and the like." Practice Book 380. "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." Practice Book 381. Evidence which would be inadmissible upon the trial is insufficient to show a triable issue of fact. Farrell v. Farrell, 183 Conn. 34, 39, 438 A.2d 415
(1980). When an adverse party does not respond to the motion by affidavit or as otherwise provided by Practice Book 380, the court is entitled to rely upon the facts stated in the affidavit of the movant. Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986).
It is noted that defendant's motion for summary judgment filed on December 1, 1992 was filed following an order by the court, Langenbach, J., dated November 5, 1992 ordering that any motion for summary judgment must be filed by November 30, 1992. Therefore, the court deems the motion timely and the motion is properly before the court.
In support of its motion for summary judgment defendant argues that it is not a product seller under the Product Liability Act in that it is not engaged in the business of selling such products and it did not sell the subject press to plaintiff's employer. Defendant argues that it entered into a separate contract for services with plaintiff's employer to partially assemble and install the mechanical components of the Press after UBE sold the Press to plaintiff's employer.
In his affidavit Mark Best, Vice President of the R. L. Best Company avers that Easco Corp. contracted with R. L. Best solely to perform the service of mechanical assembly and installation of the press. (Best Affidavit, para. 6). The sale of the subject press took place between Easco and UBE. (Id., para. 5). "In 1982 and at all relevant times to this action [R. L. Best Co.] did not engage in the sale of extrusion presses such as the 1800 Ton Extrusion Press which is the subject of this litigation." (Id., para. 7). "At no time did [R. L. Best Co.] hold or convey title to the subject 1800 Extrusion Press, or any other fashion sell or resell the subject press." (Id., parag. 8). The affidavit incorporates the contract between Easco and R. L. Best consisting of an Order Form and Invoice as Exhibit A. The Order Form from Easco Aluminum to R. L. Best Co. describes the order as "Installation of 1800-Ton UBE Extrusion Press at Berlin, Conn. Plant Re: Quote of 3/31/82- Item 1." The unit price is $16,000.00 and was CT Page 3663 stamped as received by R. L. Best Co. on April 24, 1982. The Invoice dated June 6th to 17th, 1982 from R. L. Best Co. to Easco Corp. provides the following description:
Installation of 1800 TP UBE-Berlin, Connecticut:
Labor: $12,600.00
Equipment-RLS: 1,950.00
Material:
 Grout 1,266.50 Shims 100.00 Solvent 41.00 Rays 35.00 Cement Mixes 40.00 Welding Rod 16.00 Gas Air 8.50 Liability Insurance Rider 700.00
Total Invoice $16,762.00
In addition, defendant R. L. Best Co. references a Notice of Filing Request For Admissions mailed on September 30, 1992 to defendant UBE. The Notice and the Requests for Admission appear in the court file as #131. UBE did not file timely responses to the requests within the thirty day time period of Practice Book 239 and therefore they are deemed admitted. See Practice Book 239; Orenstein v. Old Buckingham Corp., 205 Conn. 572, 575-77, 534 A.2d 1172, 1173-75 (1987). Practice Book 240 provides that "[a]ny matter admitted under this section is conclusively established unless the court on motion permits withdrawal or amendment of the admission." However, the court does not consider the admission of UBE on this motion in that the admission may not be used against the plaintiff. See Palombino v. Murphy, 146 Conn. 353, 355-56,150 A.2d 825 (1959) (holding that an admission is admissible only against the party who made the admission).
In opposition to the motion plaintiff argues that defendant R. L. Best Co. is a product seller as a result of its assembling and/or several exhibits to its memorandum. The court does not consider plaintiff's Exhibits B through G in that they are neither certified nor sworn to by affidavit as CT Page 3664 required by Practice Book 380 and 381.
The Connecticut Product Liability Act ("CPLA") requires that a product liability claim be brought only against "product sellers." General Statutes 52-572n(a). A "`product seller' means any person or entity, including a manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling products. . . ." General Statutes 52-572n(a). A manufacturer is one who designs, assembles, fabricates, constructs, processes, packages or otherwise prepares a product prior to its sale to a user. General Statutes 52-572m(e). Whether the defendant is a "product seller" is a question of law for the court to determine. See Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 72, 579 A.2d 26
(1990). "[T]o recover under the CPLA a plaintiff must prove that: (1) the defendant was engaged in the business of selling the product. . . ." (Citations omitted.) Giglio v. Connecticut Light Power Co., 180 Conn. 230, 234,429 A.2d 486 (1980).
"Once a particular transaction is labeled a `service' as opposed to a `sale' of a `product' it is outside the purview of the product liability statute." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 403, 528 A.2d 805
(1987).
 Professional services do not ordinarily lend themselves to the doctrine of tort liability without fault because they lack the elements which gave rise to the doctrine. There is no mass production of goods on a large body of distant consumers whom it would be unfair to require to trace the article they used along the channels of trade to the original manufactures and there to pinpoint an act of negligence remote from their knowledge and even from their ability to inquire.
LaRossa v. Scientific Design Co., 402 F.2d 937, 942 (3rd Cir. 1968).
Defendant R. L. Best Co. has met its burden of proving that at the time of plaintiff's injury, R. L. Best Co. was not a seller of 1800 Ton Extrusion Presses. See Best Affidavit. CT Page 3665 R. L. Best has met its burden of proof that it is not a manufacturer of the subject 1800 Ton Extrusion Press in that the contract between R. L. Best Co. and Easco called for installation subsequent to the purchase of the Press from UBE. See Best Affidavit and Exhibit A (order Form and Invoice).
The plaintiff has failed to refute, by affidavit or otherwise, the facts properly put in to evidence by the defendant. Further, the plaintiff does not aver why he cannot file documentation showing that a genuine issue of material fact exists as required by Practice Book 382. The Stenson case cited by plaintiff is inapposite in that in Stenson the defendant fit the statutory definition of manufacturer unlike the defendant in the present case. Accordingly, defendant's motion for summary judgment on count two of plaintiff's amended complaint is granted.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT