[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT FIRST HARTFORD REALTY'S MOTIONTO SET ASIDE VERDICT
Factual background
This is a negligence action by the plaintiffs brought against the defendants William Dovhan (Dovhan) and First Hartford Realty Corporation (First Hartford) evolving from a motor vehicle accident in which Dovhan rear-ended the plaintiff Darlene Plis' vehicle. The plaintiffs in addition to Dovhan, sued First Hartford, the owner of the Dovhan vehicle, alleging an agency relationship. Liability is admitted by First Hartford except as to agency because First Hartford claims Dovhan took the vehicle without its permission. First Hartford also sued Dovhan by way of a cross complaint for indemnification. Dovhan has been defaulted on both the complaint and the cross-complaint.
At trial, the plaintiffs, in attempting to prove CT Page 154 agency, relied on General Statutes § 52-183 which provides:
 In any civil action brought against the owner of a motor vehicle to recover damages from the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
At trial, First Hartford offered only a statement given by Dovhan to First Hartford's insurer in which he stated that he took the vehicle without permission. It further offered evidence that Dovhan lived in Massachusetts and was subpoenaed to but did not attend a scheduled deposition in Massachusetts. The offer was made pursuant to three exceptions to the hearsay rule; (1) admission of a party opponent; (2) declaration against interest; and (3) the catch-all exception.
The court ruled that the statement was not admissible under any of these exceptions. Since First Hartford offered no other evidence, the court directed a verdict for the plaintiff against First Hartford because it had failed to rebut the presumption under § 52-183.
First Hartford now moves to set aside the verdict claiming the court was in error in excluding the proffered statement.
Admission of a Party Opponent
The defendant, First Hartford Realty offers the statement of the defendant, Dovhan concerning his taking the vehicle in question without the permission of First Hartford Realty as a statement of a party opponent. The offer is being made to rebut the inference of agency and is offered against the interest of the plaintiff in this action.
The admission against interest exception to the hearsay rule provides that such admission is admissible only against the party who made the admission. PalombizioCT Page 155v. Murphy, 14 Conn. 352, 355-356, 150 A.2d 825 (1959). It must be offered by the party who is the opponent to the party declarant. Bell Food Services, Inc. v. Sherbacou,217 Conn. 476, 489, 586 A.2d 1157 (1991).
In this instance the only opponent to First Hartford Realty is the plaintiff. The exhibit is being offered only against the plaintiff and is therefore inadmissible.
Declaration Against Interest
A second ground on which the statement is offered by First Hartford is that it is a declaration against the interest of the declarant, Dovhan.
To be admissible under this exception to the hearsay rule, four requirements must be met: (1) the declarant is unavailable as a witness; (2) the declarant has personal knowledge of the facts in the statement; (3) the statement is against the pecuniary, proprietary, or penal interest at the time made; (4) the statement is trustworthy. Fergusonv. Smazer, 151 Conn. 226, 232-34 (1963).
(1) Unavailability of the Declarant as a Witness
The court finds that the defendant, First Hartford, has failed to demonstrate the unavailability of the witness because it has failed to use reasonable efforts to produce the witness or to offer his testimony by deposition. The defendant must demonstrate that it was unable to produce the declarant by process or other reasonable means. Statev. Riveria, 220 Conn. 408, 411 (1991).
First Hartford made an offer of proof that Dovhan is a resident of Massachusetts and was subpoenaed for the purposes of deposing him in Massachusetts. After he failed to attend the deposition, First Hartford made no further efforts to obtain his testimony, i.e. failed to ask for a capeas or even inquire of Dovhan as to why he did not attend the deposition or if he would testify at trial.
First Hartford could have offered Dovhan's testimony through the use of a deposition pursuant to P.B. §§ 248(1)(c), a party, or (d) a witness of a greater distance than thirty miles from the place of trial or such CT Page 156 exceptional circumstances exist as to make it desirable in the interest of justice . . . to allow the deposition to be used, see Gateway Co. v. DeNoia, 232 Conn. 223, 238 (1995). Such a procedure is required under the Federal Rules of Evidence (804(a)) which the Appellate Court has endorsed except where "impracticable". Schaffer v. Lindy, 8 Conn. App. 96
(1986). As previously noted, First Hartford chose not to pursue this procedure after its initial failure to obtain Dovhan's appearance at the scheduled deposition.
 (2) The statement must be against the pecuniary, proprietary or penal interest of the declarant.
The court finds that although the statements could arguably be against the pecuniary interest of the declarant as to First Hartford since the taking of a vehicle without permission might subject Dovhan to an action for damages by First Hartford, it was not nor could it be a statement against Dovhan's pecuniary interest as to the plaintiff because the question of agency was not against his interest and any statement as to fault was not at issue in this case, liability having been admitted by both defendants, (Dovhan by way of default).
 (3) The statement of the declarant must be trustworthy.
The court finds that the statement offered was not trustworthy.
Our Supreme Court has examined this question in Statev. Rosado, 218 Conn. 239, 244-245 (1991). The court stated:
Four considerations have been deemed relevant when examining the trustworthiness of declarations against penal interest[1]: (1) the time of the declaration and the party to whom the declaration was made; (2) the existence of corroborating evidence in the case; (3) the extent to which the declaration is really against the declarant's penal interest; (4) the availability of the declarant as a witness.
In a previous case, discussing the rationale of admission of a declaration against interest, the court CT Page 157 opined that the court must decide whether "under the particular circumstances, the statement is trustworthy, that is, that safeguards reasonably equivalent to the oath and the test of cross-examination exist . . .. The dangers inherent in this type of evidence are so great that a trial judge should not admit it unless in the exercise of a sound discretion, he concludes that the particular declaration against interest meets this test. . ." Ferguson v. Smazer,
supra, 232-33.
This court has evaluated and weighed all four of the above criteria and finds that the offer does not meet the threshold of trustworthiness necessary for admission for the following reasons:
The statement was made five months after the accident to an agent of First Hartford, a claims adjuster for its insurer. It was unsworn. No warnings were ever given to the declarant that such a statement might be against his interest nor were there any indications in the offer of proof that the declarant was asked any questions about possible implied permission due to the fact that Dovhan had previous permission to use the vehicle. Further, there was no corroborative evidence whatsoever offered by First Hartford; not one witness was presented to offer testimony that Dovhan did not have permission to operate the vehicle. See State v. Hernandez, 204 Conn. 377, 390 (1987), State v.Mayette, 204 Conn. 571, 577-80 (1987). Tait LaPlante, 1995 Supp. 11.6.6. Lastly, the offer fails on the question of the declarant's actual penal interest and his unavailability as a witness as previously discussed.
The Catch-all Exception to the Hearsay Rule.
First Hartford proffers the statement on a third ground — the catch-all exception to the hearsay rule. Our courts have recognized the admissibility of such out-of-court statements if they meet the following criteria: (1) if there is a sufficient probability that the statement is reliable and trustworthy, and (2) if the evidence contained in the statement is necessary to the resolution of the case and if the trial court concludes that admitting the statement is in the interests of justice. State v. Sharpe,195 Conn. 651, 664 (1985), State v. Stepney, 191 Conn. 233,249-50 (1984). See also Tail LaPlante, Connecticut CT Page 158 Evidence (1995 Sup. ) § 11.25.
Although the defendant, First Hartford, claims the evidence is necessary to the resolution of the case, it offers no reasons except the unavailability of the declarant, the same argument it makes under the previous offers. Regardless of the validity of this argument, this offer must fail because it also does not meet the test of reliability and trustworthiness as previously discussed in this opinion.
For these reasons this court reaffirms its previous ruling to exclude the statement and direct the verdict against First Hartford.
The Motion to set aside the verdict is thereby denied.
Freed, J.