MARTIN KULINSKI *v.* ABRAHAM I. SAVIN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 3—decided June 8, 1939.

*Joseph F. Berry,* with whom was *Richard F. Berry,* for the appellants (defendants).

*Ralph O. Wells,* with whom, on the brief, was *Paul Stoelzel,* for the appellee (plaintiff).

JENNINGS, J.   A car driven by the plaintiff and a truck driven by one of the defendants were in collision while proceeding in opposite directions on a state highway.   The finding discloses that the principal issue litigated was the question as to who was on the wrong side of the highway, although evidence was also introduced on speed and control.

The court charged:   "Section 567c of the Cumulative Supplement to the General Statutes, provides as follows:   'The operation of a motor vehicle upon any highway at such a rate of speed as to endanger the life of any person other than an occupant of such motor vehicle, or the operation, down grade, upon any highway, of any commercial motor vehicle with the clutch or gears disengaged, or the operation knowingly of a motor vehicle with defective mechanism, shall constitute a violation of the provisions of subsection (a) of section 566c.   The operation of a motor vehicle upon any . . . highway at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such an occupant, shall constitute a violation of the provisions of subsection (b) of section 566c.' "
There was no pleading, evidence or claim that the truck was operated with the clutch or gears disengaged and the sole ground of appeal is that the court in reading the statute included the portion applicable to such operation.

"Instructions should be confined not only to the issues, but to matters which may be material to the determination of those issues upon the facts as they reasonably may be found in view of the evidence." *Radwick* v. *Goldstein*, 90 Conn. 701, 709, 98 Atl. 583. Submission as a basis of recovery of an issue not raised by the pleadings or having no basis in evidence is error.   *Kilday* v. *Voltz*, 117 Conn. 170, 173, 166 Atl.

754; 64 C. J., p. 745, § 651, p. 786; 14 R. C. L. 784-791. Thus the submission of the issue of the last clear chance when it was not in the case has been held reversible error. *Fine* v. *Connecticut Co.*, 92 Conn. 626, 630, 103 Atl. 901; *Lanfare* v. *Putnam*, 115 Conn. 267, 269, 161 Atl. 242; *Strong* v. *Carrier*, 116 Conn. 262, 265, 164 Atl. 501. The error may, however, be harmless. *Kilday* v. *Voltz*, supra; *State* v. *Kirschenbaum*, 109 Conn. 394, 401, 402, 146 Atl. 837; *Spicer* v. *Hincks*, 113 Conn. 366, 369, 370, 155 Atl. 508. Where the court read to the jury a statute inapplicable to the issues of the case for the purpose of counteracting counsel's unwarranted appeal to the sympathy of the jury, its action was sustained. *Matulis* v. *Gans*, 107 Conn. 562, 567, 141 Atl. 870. So where the court read to the jury a statute a portion of which was inapplicable, its action in so doing was held to be at most harmless error. *Doerr* v. *Woodland Transportation Co.*, 105 Conn. 689, 694, 136 Atl. 693; 64 C. J., p. 745, § 650.

As is stated in the defendants' brief, the rule deducible from these cases is that the error in submitting an irrelevant issue to the jury requires a new trial only when this is calculated to prejudice the rights of the appellant. *Fine* v. *Connecticut Co.*, supra; *Pelton* v. *Spider Lake Sawmill & Lumber Co.*, 132 Wis. 219, 232, 112 N. W. 29. This must be determined from the whole record before the court in the particular case. Of the citations relied upon by the defendants, *Russo* v. *McAviney*, 96 Conn. 21, 28, 112 Atl. 657, most nearly resembles the case at bar. There an instruction that if the jury found that the defendant had violated an inapplicable provision of a statute they might find the defendant negligent because of that violation, was held to be prejudicial and reversible error. In that case, as appears from the Supreme

Court Records and Briefs, Vol. 227, pp. 732, 733, there was an allegation in the complaint and a request to charge covering the portion of the statute complained of but no evidence to support it. Under those circumstances the court felt that the jury might have been misled. Here, as indicated, speed was one of the issues in the case and that portion of the statute relating to speed was relevant. Control was also in issue, but there being no pleadings, evidence, or claim of proof that the truck was coasting or knowingly operated with defective mechanism, the jury could not have been misled by the failure of the court to omit in its reading of the statute the portion relating to that subject. The jury were repeatedly cautioned that the plaintiff was limited to the elements of negligence specified in the complaint. Where a statute is relevant in part, it is often difficult in the time allowed for the preparation of a charge to eliminate all irrelevant portions. A charge must be read as a whole (*Fitzgerald* v. *Savin*, 119 Conn. 63, 68, 174 Atl. 177) and tested in this way we hold that the reading of the inapplicable portion of the statute was not prejudicial so as to require a new trial.

There is no error.

In this opinion the other judges concurred.