SAMUEL H. FAIMAN *v.* JAMES D. KAUFFMAN, INC.

BALDWIN, INGLIS, O'SULLIVAN, QUINLAN and WYNNE, Js.

Argued October 14—decided November 10, 1953

*Charles M. Lyman,* with whom was *Nathan A. Resnik,* for the appellant (defendant).

*Nelson Harris,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff sued the defendant for a real estate commission. The jury returned a verdict for the plaintiff. The defendant has appealed.

One of the defendant's assignments of error is addressed to the court's instructions to the jury. The charge is to be tested not only by the claims of proof but also by the issues created by the pleadings. *Scorpion* v. *American-Republican, Inc.,* 131 Conn. 42, 48, 37 A.2d 802; *Boiselle* v. *Rogoff,* 126 Conn. 635, 638, 13 A.2d 753. The complaint alleged that on or about October 16, 1945, the defendant corporation employed the plaintiff as a real estate salesman and agreed to pay him "one-half of the commission received by [it] on any real estate deals procured by [him]." The complaint further alleged that, although the plaintiff interested Marker Motors, Inc., in a certain parcel of land and although its interest culminated in a purchase of the property for $80,000, the defendant has refused to pay to the plaintiff the share of the commission required by the terms of the contract of employment. The answer, while in the nature of a general denial, admitted that the plaintiff was in the defendant's employ as a real estate salesman.

The plaintiff's claims of proof, however, are at odds with the allegations of his complaint as they relate to the percentage of the commission to which

he maintained he was entitled. Among those claims of proof are the following: After the plaintiff had succeeded in getting Marker Motors, Inc., interested in buying the property, the defendant's president told him that the sale could not be consummated unless the purchaser's financial agent, Otis Bacon, received a part of the commission and that, to put the deal across, the commission would have to be split in three ways, one-third each for the plaintiff and the defendant, and the other third to be turned over to Bacon. The additional claims of proof of the plaintiff are that, while at first demurring to this plan, he finally agreed to it, and that the defendant's president stated he would close the transaction himself without further intervention by the plaintiff. The defendant's claims of proof recite that the terms of the plaintiff's employment as a real estate salesman were such that he would earn a commission only in the event that he was the instrumental agency in bringing about a sale; that there was never any agreement to divide the commission involved in this case among three persons; and that the plaintiff was not an instrumental agency in the sale and hence was not entitled to any part of the commission.

Upon both the pleadings and the claims of proof, the jury had four possible findings as to the contract existing between the parties. Thus, they might have found that the controlling agreement was (1) that the plaintiff was to get one-half of the commission earned by the defendant, regardless of whether the latter received it or not, or (2) that he was to be paid one-half of the commission actually received by the defendant, or (3) that he was to get one-third of the entire commission. The jury could also have found (4) that the plaintiff was entitled to receive nothing in connection with the sale.

The court charged that if the jury came to the conclusion that the plaintiff was entitled to anything, their verdict was to be for $1450 (erroneously stated by the court to be $1407.50), with interest at the rate of 6 per cent from December 13, 1946. As the total commission earned by the defendant was concededly $2900, the court would have been correct if findings (2) and (3), mentioned above, had not been available to the jury. The court was in error in removing those possibilities from the jury's consideration. A new trial must be had since the situation is such that the ordering of a remittitur is impossible.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.