BRADFORD MARTIN ET AL. *v.* BOARD OF ZONING APPEALS
OF THE TOWN OF FAIRFIELD ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 7—decided June 10, 1958

*Albert A. Garofalo,* for the appellants (plaintiffs).

*Raymond W. Beckwith,* for the appellee (named defendant), with whom were *Hugh A. Hoyt* and, on the brief, *Hugh C. Curran,* for the appellees (defendants Emrie).

PER CURIAM. The plaintiffs appealed from an order of the board of zoning appeals granting a variance to Arthur and Mabel Emrie. The lot in question was purchased in 1943 by Mabel Pully and then, as now, had an area of 1.55 acres. Mabel Pully purchased an adjoining lot of identical area, which she still owns, in 1945. These lots, until 1948, were in a residence B zone; they were then changed to a residence R-3 zone. In 1951, while a house, for which a building permit had been issued, was in process of

completion on the first lot, the zoning of it was again upgraded—to residence AAA. Four months later Mabel Pully conveyed this property to the Emries.

The basic claim of the plaintiffs, which the court below rejected, was that the board acted illegally in granting the Emries a variance which permitted them to maintain, in an AAA residence zone, property which did not meet the minimum area requirements.

A disposition of this appeal on its merits would in any event require that we know the uses permitted in the different zones in which the lot in question was placed from time to time. See, for instance, *Schultz* v. *Zoning Board of Appeals,* 144 Conn. 332, 334, 130 A.2d 789. No zoning regulations whatever are in the printed appeal record, and the only zoning regulations to be found elsewhere are in exhibit 1, which states on its face: "This is not a certified copy of the Zoning Regulations. Passages underlined are superseded by amendments; passages enclosed in brackets . . . are inserted for clarity in reading but occur elsewhere in the text as adopted." The purported date of these regulations is May 10, 1956, long subsequent to the effective dates of the zone changes pertinent to this case. The effective dates of amendments to the regulations are not given. The net result is that the exhibit does not disclose the zoning regulations of Fairfield at ascertainable prior dates material to the questions raised by this appeal. The exhibit does not show, for example, the lot area required in 1948 in either a residence B or a residence R-3 zone, or that required in 1951 in a residence AAA zone.

The trial court does not take judicial notice of zoning regulations, nor does this court. *Appeal of Phillips,* 113 Conn. 40, 44, 154 A. 238. If in fact ex-

hibit 1 contains the zoning regulations material to the issues on this appeal, there is nothing in the stipulation or elsewhere to indicate it.

The burden is on the appellants to establish harmful error in the court below, if they are to prevail on their appeal. The failure to bring before us the applicable zoning regulations is alone dispositive of, and fatal to, the appeal.

There is no error.