JOSEPH SEARS *v.* WILMONT D. CURTIS ET AL.

BALDWIN, C. J., KING, MURPHY and MELLITZ, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued March 3—decided April 28, 1960

*Edward Seltzer,* with whom, on the brief, was *Julius B. Schatz,* for the appellant (plaintiff).

*Philip R. Shiff,* for the appellees (defendants).

KING, J.   A tractor-trailer truck, while being operated by the plaintiff westerly on route 15 in East Hartford at about 1:30 a.m. on April 19, 1954, collided with the defendants' tractor-trailer truck, which was parked facing west.  To what extent the defendants' vehicle was off the traveled portion of the highway and whether any lights were displayed which were visible to one approaching, as was the plaintiff, from the rear, were disputed matters. The jury brought in a verdict for the defendants,

and the court refused to set it aside as against the evidence. The refusal to set aside the verdict, in view of the conflicting testimony, merits no discussion. Since the verdict was for the defendants, we do not discuss a claim of error affecting damages only. *Himmelstein* v. *General Electric Co.*, 144 Conn. 433, 435, 133 A.2d 617.

The defendants called as a witness Joseph Pilkin, a state police officer, who was one of the first to arrive at the scene following the accident. He was asked, "Did you make any observation . . . with reference to the presence or absence of any lights on . . . [the defendants'] vehicle?" He answered, "I did." He was then asked to tell about it. An objection was made on the ground that the witness had no knowledge of the lights at the time of the accident. The court allowed the question. The witness then said, "I did." The plaintiff excepted. It is obvious that this wholly irresponsive answer was harmless, and its admission could not constitute reversible error. Thereafter, the witness was asked to tell what his observation was, and without objection he answered that he remembered that there were some lights on the vehicle but he did not know what color they were or where they were. Since the plaintiff not only took no exception but did not object to the question, no error can be predicated on the admission of the answer. Practice Book § 155; *Presta* v. *Monnier*, 145 Conn. 694, 703, 146 A.2d 404; *Guerrieri* v. *Merrick*, 145 Conn. 432, 435, 143 A.2d 644.

For the purpose of proving the location of the defendants' vehicle on the highway at the time of the accident, the plaintiff called Clair O. Dorn, a civil engineer. He was allowed to testify that about nine months after the accident he was able, by using

a photograph of the portion of the highway where the accident occurred and matching fixed objects in the photograph with those in the area, to find on the highway itself the area depicted in the photograph. The photograph he used, which had been admitted in evidence as an exhibit, showed a mark on the highway which Joseph Baker, a witness for the plaintiff, who was also one of the first to arrive at the scene, had testified had led to the rear wheels of the plaintiff's vehicle after it came to rest. Dorn was asked, in effect, whether he had been able, from the photograph, to project a similar mark on the highway itself so as to be able to measure it and determine the actual point of impact between the vehicles. A number of questions along that line were excluded on the ground that Dorn had not been properly qualified as an expert who could perform such a task and give such an opinion and that such an opinion could not properly be based on a mark, especially one which admittedly was not, at the time the opinion was formulated, visible on the highway.

On the finding, the court did not abuse its discretion in deciding that the witness' qualifications were inadequate to permit him to give the opinion called for in the question. *Wray* v. *Fairfield Amusement Co.*, 126 Conn. 221, 224, 10 A.2d 600; *Coffin* v. *Laskau*, 89 Conn. 325, 329, 94 A. 370; *State* v. *Main*, 69 Conn. 123, 141, 37 A. 80. This is true even though the qualifications of an expert witness usually affect the weight of his testimony rather than his competency as a witness. *Sanderson* v. *Bob's Coaster Corporation*, 133 Conn. 677, 682, 54 A.2d 270; *Rogoff* v. *Southern New England Contractors Supply Co.*, 129 Conn. 687, 691, 31 A.2d 29; *Wray* v. *Fairfield Amusement Co.*, supra; see *State* v. *Nelson*, 139 Conn. 124, 128, 90 A.2d 157. Nor can we

hold that the court could not conclude, as it did, that the uncertainties in the essential facts were such as to make an opinion based on them without substantial value. *Floyd* v. *Fruit Industries, Inc.*, 144 Conn. 659, 666, 136 A.2d 918, and cases cited.

The final claim of error is based on several portions of the charge. One portion was included in the plaintiff's draft finding but was omitted from the finding. Error was assigned in this omission, and we add this paragraph of the charge to the finding. In these portions of the charge, in various ways, the jury were told to consider all the evidence, including written statements of witnesses which had been admitted in evidence as exhibits. In another portion of the charge, the court, after referring to the testimony of Joseph Baker, the plaintiff's witness, instructed the jury that they should "consider his testimony upon the stand and . . . as it is reflected in two statements which are here in evidence, one . . . given in 1955 and one . . . given in 1958." At the close of the charge, the plaintiff excepted to the instruction that written statements given by witnesses were evidence, and particularly to the court's application of this instruction to the two statements of the witness Baker. In taking the exception, counsel stated that the "statements were introduced not as evidence but rather . . . to affect . . . credibility and . . . they themselves do not constitute evidence." The court took no action as a result of this exception, although nowhere in the charge did it explain to the jury the difference between admissions of a party, which are admissible against him in proof of the matters stated therein, under the rule of cases such as *Johnson* v. *Rockaway Bus Corporation*, 145 Conn. 204, 209, 140 A.2d 708, and *Perrelli* v. *Savas*, 115 Conn. 42, 44, 160 A.

311, and statements of a witness who is not a party, inconsistent with his testimony as given on the stand, which are admissible, not in proof of any matters stated therein, but only to affect the credibility of the witness, under the rule of cases such as *Hill* v. *Small,* 129 Conn. 604, 605, 30 A.2d 387, and *Branford Trust Co.* v. *Prudential Ins. Co.,* 102 Conn. 481, 485, 129 A. 379. While the exception lacked technical accuracy of expression, it adequately pointed out to the court the claimed error. *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251.

It is incumbent on an appellant to establish that an error was made and that it was material, that is, probably harmful. *Martin* v. *Board of Zoning Appeals,* 145 Conn. 735, 737, 143 A.2d 450. Where, as here, the claim of error attacks the charge, the determination of the efficacy of the claim must depend upon the claims of proof as shown by the finding. *Lopes* v. *Connecticut Light & Power Co.,* 145 Conn. 313, 315, 142 A.2d 135. The plaintiff's claim as to the limited purpose for which these exhibits were received is without support in the finding. The finding discloses nothing as to the circumstances under which, or the purposes for which, the written statements of Baker, or of any other witness, were admitted in evidence. *Pischitto* v. *Waldron,* 147 Conn. 171, 176, 158 A.2d 168. The finding does not indicate that at the time of their admission the court was asked to, or did, explain or limit their effect. *State* v. *Tryon,* 145 Conn. 304, 309, 142 A.2d 54, and cases cited. The markings on the exhibits themselves indicate no limitation, and one of the two statements of Baker, in addition to the usual exhibit markings, bore the notation "(full exhibit)." As far as is disclosed by the finding, the statements were admitted as

full exhibits without objection or limitation. Since they were so admitted, they were in the case as hearsay evidence and were available, in proof of the matters stated therein, for whatever they were worth on their face. *Sizer* v. *Lenney,* 146 Conn. 457, 459, 151 A.2d 889; *State* v. *Segar,* 96 Conn. 428, 437, 114 A. 389. The exception was not well taken. The plaintiff might still have been entitled, upon request, to have the jury instructed as to the inherent infirmity of hearsay evidence even if it was admitted without objection. See cases such as *Danahy* v. *Cuneo,* 130 Conn. 213, 217, 33 A.2d 132, and *State* v. *Segar,* supra. No such request, however, was made, nor did the exception, as taken, allude to any shortcoming of this type in the charge as given. *Towhill* v. *Kane,* supra.

There is no error.

In this opinion the other judges concurred.