JOSEPH ANGELINO *v.* JOSEPH K. HERSEY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 7—decided November 1, 1960

*David M. Reilly, Jr.,* for the appellant (defendant).

*Joseph F. Trotta,* for the appellee (plaintiff).

KING, J.  Chapel Street, in New Haven, runs generally east and west and is a one-way street restricted to westerly traffic.  Kensington Street intersects Chapel Street from the north but does not

cross it. A little before noon on January 7, 1958, at a point on Chapel Street east of Kensington Street, a Chevrolet panel sedan delivery car owned and operated by the plaintiff collided with a Chrysler sedan owned and operated by the defendant.

The claims of proof of the plaintiff were that he was traveling on the left-hand side of Chapel Street when he was overtaken on the right by the defendant, and that, as the defendant was passing, the left front portion of his car collided with the right front portion of the plaintiff's car. The claims of proof of the defendant were that he had entered, and was traveling in, the left-hand lane on Chapel Street because he intended to make a left turn at an intersection west of Kensington Street, that the plaintiff's car was parked, facing west, at the curb on the left side of Chapel Street opposite the Kensington Street intersection and that while the defendant's car was passing the plaintiff's car, the plaintiff pulled away from the curb and turned to the right into the path of the defendant's car, thereby causing the collision. It will be noted that under the claims of proof the parties were in agreement that both cars were headed westerly on Chapel Street. This accorded with the allegations of the complaint. There was no claim by anyone that the vehicles were approaching each other from opposite directions.

One of the specifications of negligence alleged that the defendant "failed to grant to the plaintiff one half the traveled portion of said highway." The court charged, as to this specification of negligence, that there was a statute regarding the reciprocal duties of the operators of vehicles approaching one another on the highway and that a violation of the statute would constitute negligence as matter of law. This statute, which was apparently § 2489 of the

1949 Revision, was somewhat inaccurately read to the jury. The court went on to explain that the meaning of the statute was that "if two cars meet going in opposite directions, each shall stay on his own right hand side of the center of the road so each may pass in safety. Now, in this case, where they were proceeding in the same direction, the same is true. Each should grant the other a fair portion of the highway. It is a question for you to determine . . . whether under all the circumstances this defendant did violate the statute that I have just read . . . ." The statute read to the jury actually had been repealed by § 1374d of the 1955 Cumulative Supplement. Section 1383d of the 1955 Cumulative Supplement, now § 14-231 of the 1958 Revision, had in part taken its place. However, even if the statute had still been in effect, it would have been inapplicable to the situation here. At the close of the charge, the defendant, in an exception, called the inapplicability of the statute, but not its repeal, to the court's attention. The court made no correction in the charge.

It is error to submit to the jury wholly inapplicable statutes. *Kulinski* v. *Savin,* 125 Conn. 512, 513, 7 A.2d 436. Where it is done, and a proper exception is taken, the materiality of the error must be determined on the whole record before the court. Id., 514. In this case, it is clear that the jury must have been confused and misled by the giving of the charge in question. This is especially so since no mention was made of the statutes which specially regulate the operation and overtaking of vehicles on one-way streets. See, for instance, what are now §§ 14-233 and 14-241 (c). The failure of counsel to submit, in accordance with Practice Book § 153, proper requests to charge covering such applicable

statutes as were in effect on the date of the collision, the failure of either the complaint or the special defense of the answer clearly to indicate, as to any given specification of negligence, whether common-law or statutory negligence was being charged, and the failure of counsel to call the court's attention to the repeal of the statute which the court had explained to the jury all contributed to bring about the court's error. However, since the defendant, by a proper exception, called the attention of the court to the inapplicability of the statute and the court failed to correct the charge, there must be a new trial. It is unnecessary to discuss other assignments of error, since they involve matters which should not prove troublesome on the retrial.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.