ZENOBIA TOWNSEND *v.* THOMAS J. SULLIVAN

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 8—decided July 19, 1962

*Louis Feinmark,* with whom was *Irving Smirnoff,* for the appellant (plaintiff).

*Ralph C. Dixon,* for the appellee (defendant).

MURPHY, J.   The plaintiff has appealed from the judgment entered upon a verdict for the defendant in an action in which the plaintiff sought to recover damages for the negligent performance of a surgical operation upon her.  The sole assignment of error is directed to a portion of the charge to the jury.

The plaintiff was hospitalized by her family physician, Dr. Charles M. Spiegel, who recommended the defendant, a surgical specialist, to her.  After an examination of the plaintiff, the defendant advised surgery and, on April 13, 1953, performed a hysterectomy.   The plaintiff, after her discharge from the hospital, noticed a leakage of urine.  She spoke about it to Dr. Spiegel, who was giving her postoperative care.   He referred her back to the defendant.  According to the plaintiff, the defendant told her that he had cut into her bladder during the operation and that he was at fault for the condition.   The plaintiff was treated by the defendant for about two months.  He then sent her to another doctor for surgical closure of the perforation in the bladder.   Between the first and second operations and subsequent thereto, the plaintiff continued as a patient of Dr. Spiegel and had occasional checkups by him.   The plaintiff claimed to have proved that the seepage of urine was an indication that the

bladder had been penetrated by the defendant during the operation and that the penetration was caused by the defendant's negligence.

The defendant denied that he penetrated the plaintiffs bladder during the operation or that he had been negligent. He claimed to have proved the following: No complaints had been made to him by the plaintiff until the third postoperative visit, on May 20, 1953, when she complained of a slight vaginal discharge. He prescribed medication. Five days later, she again complained of the discharge. The defendant referred her to Dr. Elliott Brand, who diagnosed her condition as a pinpoint opening or fistula in the bladder and performed a cystotomy. The defendant's operative procedure conformed to standard practice and was done with the care and skill of surgeons in the locality. A perforation of the bladder can occur during a hysterectomy without negligence on the part of the surgeon.

Dr. Spiegel was not called as a witness. The court instructed the jury on the inference which could be drawn from his nonappearance as follows: "In the course of argument your attention has been called to the fact that Dr. Spiegel, who, it was testified to, treated the plaintiff from time to time, was not called to the stand by the plaintiff as a witness. The failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause. A witness who would naturally be produced by a party is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information

material to the case which, if favorable, the party would produce."

The court continued its charge as follows: "Dr. Spiegel, according to the plaintiff, treated her for the causes related to the injuries she claims she sustained and which she claims to have suffered. If Dr. Spiegel's testimony was likely to be favorable, the plaintiff, presumably, would make every reasonable effort to produce him. His testimony would have added weight to her case had he testified favorably to her claims. It would not be enough for her to say that Dr. Spiegel was available by subpoena to both parties. He was a witness whom the plaintiff naturally would produce. You may, therefore, draw the inference, if you so determine, that the evidence of Dr. Spiegel would be unfavorable to the plaintiff's case, and, if you do, the weight to be accorded to it is to be determined by you in the light of all the circumstances, including the nature, materiality, and importance of the testimony." The plaintiff took exception to this portion of the charge.

As the charge is to be tested by the claims of proof in the finding; Sears v. Curtis, 147 Conn. 311, 316, 160 A.2d 742; we turn to it to see what the claims of proof are concerning Dr. Spiegel's connection with the case after the operation from which this lawsuit arose. The plaintiff's claims of proof are that while receiving postoperative care from Dr. Spiegel, her family physician, she spoke to him about the leakage of urine and he then sent her back to the defendant. She continued to be treated by Dr. Spiegel, and spoke to him concerning the leakage, during the two months in which she was also going to the defendant before the second operation was performed. After that operation, she

continued to receive checkups by Dr. Spiegel. In the defendant's claims of proof, Dr. Spiegel is not mentioned. The defendant claimed that the plaintiff came to his office on May 5 and May 12, following the operation by him on April 13, but made no complaints, and that it was not until later, on May 20, that she complained of a vaginal discharge. In the light of the disparity in the evidence relating to the extent and time of the plaintiff's complaints and her return to the defendant, the testimony of her family physician could have had considerable bearing on the question of her veracity.

Although some of the language in the second paragraph of the quoted portion of the charge is more dogmatic and positive than appears to have been desirable, the first paragraph correctly states the rule as it was set forth in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598. In the light of the claims of proof, the correct statement of the rule, together with the temporizing language in the last sentence of the quoted charge, precludes a finding that harmful error was committed.

We do not accept the suggestion advanced by the plaintiff in brief and argument that the rule concerning the inference which can be drawn from a party's failure to produce a material witness should not apply where the witness is a physician and the suit is a malpractice action against another physician. We can conceive of situations in which the facts are such that the trial court might well caution the jury about the professional relationship between the witness and either party. There is nothing in this record, however, to warrant a special rule for the medical profession.

There is no error.

In this opinion the other judges concurred.