JEANNE M. PRYSTASH *v.* BEST MEDIUM PUBLISHING
COMPANY, INC.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 10—decided January 28, 1969

*Howard R. Steeg,* for the appellant (plaintiff).

*David T. Ryan,* with whom was *Robert M. Fitz-Gerald,* for the appellee (defendant).

ALCORN, J.  The plaintiff brought this action against the defendant, seeking to recover damages claimed to have been sustained as a result of embarrassment, ridicule and injury to her reputation occasioned by the publication of her photograph in connection with a news story concerning the commission of a felony by another woman.  The complaint was in two counts, the first count claiming damages for an invasion of the plaintiff's right of privacy and the second count claiming damages for libel.  Following a jury trial, the plaintiff recovered a verdict on the first count.  The verdict on the second count was in favor of the defendant.  The court denied the plaintiff's motion to set aside the verdict, and the plaintiff has appealed from the judgment rendered on the verdict, assigning error in the denial of the motion to set aside the verdict, in the finding, in the charge and in three rulings on evidence.

The error assigned in the denial of the motion to set aside the verdict is that the damages awarded by the jury on the first count are inadequate and that the verdict on the second count is not supported by the evidence.  Since the verdict on the second count was in favor of the defendant, the plaintiff's claim that it was not supported by the evidence must be construed as an assertion that the evidence was such as to require a verdict for the plaintiff on that count.  A claim that a verdict is not supported by the evidence is tested by the evidence printed in the appendices to the briefs. *Wright* v. *Coe & Anderson, Inc.,* 156 Conn. 145, 157, 239 A.2d 493.  The plaintiff has printed no evidence in an appendix to her brief,

and consequently she furnishes us no basis for testing the claim that the verdict in the defendant's favor on the second count is not supported by the evidence. The attack on the adequacy of the verdict on the first count raises the question whether the verdict fell somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake, or corruption. *Hook* v. *Dubuque,* 153 Conn. 113, 115, 214 A.2d 376. No special damages were claimed in either count. The only general damages claimed in either count were those arising from the embarrassment, ridicule and injury to the plaintiff's reputation which were alleged to have been caused by the publication. In finding in the plaintiff's favor on the count based on an invasion of her right of privacy, the jury were required to, and did, evaluate the damage which the plaintiff proved that she had sustained in the respects alleged. Here again, the plaintiff, owing to the lack of any appendix to her brief, has failed to furnish any evidence with which we may test the adequacy of the verdict.

The sufficiency of the charge is tested by the claims of proof in the finding. *State* v. *Mallette,* 153 Conn. 584, 587, 219 A.2d 447. The finding, which is not subject to correction, recites that the plaintiff offered evidence to prove and claimed to have proved that the defendant is a New York corporation which publishes a weekly tabloid which is claimed to have a reading public of more than six million people. The defendant does not employ reporters but purchases stories for publication. One issue of its publication contained a photograph of the plaintiff bearing the name of another person and

accompanied by a news story captioned "Mom Leaves Hospital With Newborn Baby But Abandons Infant Before She Gets Home." The story related the abandonment of a child by the named person and her subsequent conviction and sentencing for a felony. The defendant had purchased the story from an organization which, in turn, had purchased it from a reporter in Connecticut. The defendant made no investigation of the facts or of the accompanying photograph before publication. The plaintiff was not the person described in the article, was never married, nor a mother, but lived as a single girl with her mother and sister in Terryville. The photograph of the plaintiff was obtained, used and published by the defendant without the plaintiff's knowledge, approval or consent, and 66,750 copies of the paper containing it were distributed in Connecticut. Of this number, 212 were distributed, and 165 were sold, in Terryville. The plaintiff, who had never been arrested, had her attention called to the publication by her mother, who in turn had been told of it by another person. The plaintiff was upset by the publication, was ridiculed and embarrassed by associates and received annoying telephone calls following the publication. The plaintiff consulted an attorney, who demanded a retraction by the defendant, and about three months later a correction was published expressing regret for the inadvertent use of the photograph and apologizing for any inconvenience caused to the plaintiff. The plaintiff testified that she never saw the retraction because it was so small.

The defendant offered evidence to prove and claimed to have proved that the article concerning the abandonment of the baby and the subsequent court proceeding was substantially correct as ap-

plied to the person named in the article, that the plaintiff's name nowhere appeared either in the article or under the photograph, and that the defendant had published a retraction after a period of delay caused principally by the plaintiff's former attorney. The plaintiff admitted that she knew the publication of her photograph was a mistake and that the defendant did not print it deliberately to harm her. The plaintiff received ten or twelve telephone calls in a period of one or two weeks following the publication of her photograph, and eight of the persons who telephoned to her knew that the publication was a mistake. Only one telephone call came from a person who claimed to believe that the plaintiff was the person referred to in the article, and she knows only one person who refuses to associate with her or speak to her as a result of the article. The plaintiff's general reputation in Terryville was above reproach both before and after the publication. The plaintiff lost no time from her work as the result of the publication, and the photograph which was printed was taken when the plaintiff was eighteen years old and appeared differently than she did at the time of publication.

The court charged the jury as to the cause of action stated in the first count for a violation of the plaintiff's right of privacy and also as to the cause of action stated in the second count for libel. In connection with the cause of action for libel, and because of the evidence offered by the defendant concerning the published retraction, it charged the jury concerning the effect of § 52-237 of the General Statutes, the statute on damages in libel actions.

In order to be the basis of an appeal, errors assigned in the charge of the court must be based on written requests to charge or on exceptions to

the charge taken by the party appealing immediately after the charge is delivered, and counsel taking the exception "shall state distinctly the matter objected to and the ground of objection." Practice Book § 249. The purpose of the rule is to alert the court to claims of error while there is still an opportunity for correction in order to avoid the "economic waste and increased court congestion caused by unnecessary retrials." *Towhill* v. *Kane,* 147 Conn. 191, 193, 158 A.2d 251; *D'Addario* v. *American Automobile Ins. Co.,* 142 Conn. 251, 256, 113 A.2d 361. The plaintiff assigns no error in any failure of the court to comply with a request to charge. The only assignments of error are based on exceptions taken following the charge. These are contained in an extensive colloquy between the plaintiff's counsel and the court, from which it is extremely difficult to determine the exceptions which counsel was attempting to voice.

The attempted exceptions appear to be twofold: (1) the court had not distinguished clearly "between a libel per se and a libel not per se" and that § 52-237 "would apply only to a libel that is not a libel per se" and (2), in discussing the action based on an invasion of privacy, "I think malice was mentioned in there."

The exceptions which the plaintiff attempted to take failed to state distinctly the matter objected to and the grounds of the objection and could not fairly be said to have apprised the trial court of the error claimed. Consequently, error could not be predicated on them. *Worden* v. *Francis,* 148 Conn. 459, 461, 172 A.2d 196. This consideration is of minor import, however, because the assignments of error now made, eighteen in number, purport, improperly, to attack isolated sentences or abbreviated

portions of the charge on grounds seemingly unrelated to the exceptions attempted at the conclusion of the charge. The attack on the charge is without merit, therefore, in both substance and form. *M. Shapiro & Son Construction Co.* v. *Battaglia,* 138 Conn. 238, 243, 83 A.2d 204.

Error is assigned in three rulings on evidence. The plaintiff complains, in one instance, that the court improperly overruled her objection to a question propounded by counsel for the defendant. The plaintiff's assignment of error is without merit, however, since the record does not disclose that the question was ever answered. In another instance, the plaintiff complains that the court improperly sustained a defense objection to a question asked by her counsel. It appears, however, that the information sought by the question was elicited on cross-examination of the same witness by counsel for the defendant. Consequently, the ruling complained of, even if erroneous, was harmless. The third ruling complained of was the admission into evidence of testimony by the plaintiff, in response to a question by counsel for the defendant, that she had lost time from her work as the result of the publication. The plaintiff's counsel objected on the ground that the inquiry was improper because no special damages were claimed. The testimony was admissible for its bearing on the claim of the plaintiff that, as a result of the publication of her photograph, she had been embarrassed and ridiculed and suffered in her reputation.

There is no error.

In this opinion the other judges concurred.