BERNADETTE GALLIGAN ET AL. *v.* ROBERT E. BLAIS

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

Argued October 9, 1975—decision released January 13, 1976

*William F. Gallagher,* with whom were *Richard L. Shiffrin* and, on the brief, *Bernard Poliner,* for the appellants (plaintiffs).

*Thomas B. Wilson,* with whom, on the brief, was *Dale P. Faulkner,* for the appellee (defendant).

BOGDANSKI, J. This case arose from an automobile collision which occurred at an intersection in Norwich. Two of the plaintiffs, DeAnn and Mark Galligan, were passengers in a vehicle being driven north on West Thames Street by their mother, the plaintiff Bernadette Galligan, when it collided with a vehicle being operated in a westerly direction on Shipping Street by the defendant, Robert E. Blais. The occupants of the Galligan vehicle, each in a separate count, brought an action against the defendant to recover damages for personal injuries alleged to have been caused by the defendant's negligence. In another count, David A. Galligan, the husband of Bernadette Galligan, sought damages for medical expenses incurred on behalf of his wife and the two minor children. The answer denied the claims of negligence, but did not raise any special defenses. The jury returned a verdict for the defendant on each count, and, from the judgment rendered, the plaintiffs have appealed to this court.

On appeal, the plaintiffs' principal claim is that the trial court erred in charging the jury with respect to the provisions of § 14-251 of the General Statutes concerning the parking of vehicles within twenty-five feet of an intersection or a marked crosswalk. In our view, the resolution of this issue is dispositive of the appeal.

Claims of error addressed to the charge are now tested not only by the pleadings; see, e.g., *Faiman* v. *James D. Kauffman, Inc.,* 140 Conn. 395, 396, 100 A.2d 842; but by the evidence relevant to the claimed errors as printed in narrative form (with appropriate reference to the page or pages of the transcript) in the briefs of the parties. Practice Book §§ 631A, 632A. The plaintiffs claim that at the time

of the collision, the intersection of West Thames and Shipping Streets had a blinking orange caution light for West Thames Street traffic, and a stop sign and a blinking red light for Shipping Street traffic; that if any vehicles were parked on the east side of West Thames Street within five to ten feet of the intersection, an operator of a vehicle facing west and stopped at the stop sign on Shipping Street would have nothing blocking his view south onto West Thames Street for at least twenty to twenty-five feet; that the plaintiff Bernadette Galligan was approximately halfway through the intersection when she saw the defendant proceeding out of Shipping Street; and that the defendant's vehicle struck her vehicle when she was approximately three-fourths of the way through the intersection.

The defendant claims that he stopped at the stop sign and looked to his left, but that the presence of parked trucks on the east side of West Thames Street blocked his view of northbound traffic on that street. He claims that because his vision was obstructed, he inched into the intersection at about one or two miles per hour, at which time the vehicles collided. The defendant, however, does not urge that the presence of those vehicles was a proximate cause of the collision, but only that their presence was a condition relevant to a determination of whether he was negligent.

The court charged the jury on the burden of proof, negligence and proximate cause. At the defendant's request, the court further charged in part as follows: "There was some reference made to an argument about the parking of a vehicle illegally along West Thames Street and Section 14-251 of the General Statutes covers that and . . .

the applicable portion reads as follows: 'No vehicle shall be permitted to remain parked within twenty-five feet of an intersection or a marked crosswalk thereat.' There was evidence in this case that there were trucks parked on the easterly lane of West Thames Street. . . . The testimony was that they were within five to ten feet of the intersection with Shipping Street at the time of this accident. The law in Connecticut is that it is illegal to park a vehicle within twenty-five feet of an intersection and therefore these vehicles were parked in violation of the statutes of the State of Connecticut. Now, those people were violating the statute; that this in effect would just reduce slightly the amount of visibility that existed . . . ; that may or may not change the situation in this case at all; depends upon what facts you wish to find."

The plaintiffs excepted to that charge, specifying two grounds: "[F]irst of all there was no testimony on that, and in the second place there was no allegation in the complaint concerning this." Though it would have been preferable for those grounds to have been stated with greater particularity, they sufficiently alerted the court to the errors claimed and were set forth distinctly enough to comply with § 249 of the Practice Book.[1]

The plaintiffs contend that whether the trucks on the east side of West Thames Street were legally

[1] The claim that there was "no testimony on that" adequately alerted the court to the fact that the plaintiffs claimed that no foundation had been laid for the application of § 14-251 of the General Statutes. The claim that there was no allegation "concerning this" was sufficient to alert the court to the fact that the plaintiffs claimed that the "illegality" of the parked vehicles was not relevant to the jury's deliberations, since whether the parked cars proximately caused the collision was not an issue presented by the pleadings.

or illegally parked was irrelevant to any issue in the case, and that it was therefore improper for the court to charge on that subject or to read § 14-251 of the General Statutes to the jury. They argue that the court's statements that the "vehicles were parked in violation of the statutes" and that "those people were violating the statute," when considered in conjunction with the court's comment that "that may or may not change the situation in this case," were harmful to the plaintiffs because the jury may have received the impression that the claimed "illegality" of the parking was a distinct issue to be considered by them and that it constituted a separate ground of nonliability of the defendant.

The legal status of the parked vehicles was irrelevant to the issues as framed by the parties in this case. The defendant did not claim that the negligence of the operators of the parked trucks proximately caused the collision. He simply claimed that the presence of the parked vehicles was a condition which was relevant to a determination of whether he was negligent. He was attempting to show that in light of the limited visibility, he exercised reasonable care. Whether the vehicles were parked in violation of the law, however, had no bearing on that issue. Reasonable care is care proportionate to the dangers existing in light of the surrounding circumstances. Whether the trucks were parked illegally or legally had no bearing on the danger existing. The defendant's conduct would have been just as reasonable or unreasonable in either case. The law prescribed in § 14-251 of the General Statutes was thus irrelevant to the issues in this case.

It is error to submit wholly inapplicable statutes to the jury. *Angelino* v. *Hersey,* 147 Conn. 638, 640,

165 A.2d 152; *Kulinski* v. *Savin*, 125 Conn. 512, 513, 7 A.2d 436. In order for an error in the charge to be a ground for reversal, it must have been both material and prejudicial. See *Sears* v. *Curtis*, 147 Conn. 311, 316, 160 A.2d 742; *Martin* v. *Board of Zoning Appeals*, 145 Conn. 735, 737, 143 A.2d 450. The ultimate question is whether the erroneous charge was likely to have affected the jury's verdict. Cf. *Mei* v. *Alterman Transport Lines, Inc.*, 159 Conn. 307, 316, 268 A.2d 639.

In the present case, if the jury found that Blais was negligent, and that his negligence was a proximate cause of the collision and the injuries that followed, they were then required to find the defendant liable to the plaintiffs. If the jury found that the defendant was not negligent, or that his negligence was not a proximate cause of the injuries, they were then required to find him not liable. On the pleadings and claims made, no other causes could have been found. The court's injection of portions of § 14-251 into its charge, however, and its observations that that statute had been violated, may have suggested to the jury that the question of whether the operators of the parked vehicles were at fault was for their determination. The least that can be said is that it is probable that the charge either misled or confused some of the jurors as to the causative elements to be considered by them. We conclude, therefore, that the portion of the charge to which exception was taken constituted reversible error.

There is error; the judgment is set aside and a new trial is ordered.

In this opinion COTTER and LOISELLE, Js., concurred.

House, C. J. (dissenting). I do not agree with the conclusion reached in the majority opinion. While the charge that the people who were parked within five to ten feet of the intersection of Shipping and West Thames Streets were parked in violation of the statutes was irrelevant to the issues in the case, I think that the giving of that portion of the charge was clearly harmless error in view of the court's explicit charge on the issues of liability. I cannot agree with the majority opinion's speculation that it "may have suggested to the jury that the question of whether the operators of the parked vehicles were at fault was for their determination" or that "it is probable that the charge either misled or confused some of the jurors as to the causative elements to be considered by them."

Furthermore, I think that a proper objection was not taken to this portion of the charge. The exception was taken on two grounds: "first of all there was no testimony on that, and in the second place there was no allegation in the complaint concerning this; that's all I have." On their appeal, the plaintiffs have claimed neither of these grounds. Their present claim is that the charge was erroneous because (1) the statute was inapplicable because of the provisions contained in the last sentence of the statute, and (2) there was no claim that the illegal parking was a proximate cause of the accident. Neither of these grounds was stated to the trial court. In my opinion, "[t]he exceptions which the plaintiff[s] attempted to take failed to state distinctly the matter objected to and the grounds of the objection and could not fairly be said to have apprised the trial court of the error claimed. Con-

sequently, error could not be predicated on them."
*Prystash* v. *Best Medium Publishing Co.,* 157 Conn.
507, 512, 254 A.2d 872.

I would affirm the judgment entered in the trial
court.

In this opinion BARBER, J., concurred.