PATRICIA LUTKUS, ADMINISTRATRIX (ESTATE OF ALBERT LUTKUS) *v.* JOSEPH W. KELLY ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 5, 1975—decision released February 24, 1976

*Norman J. Voog,* with whom, on the brief, were *Richard J. Joseph, Mary McGuire Voog, John W. Fertig, Jr.,* and *Donald C. Simmons,* for the appellant (plaintiff).

*Gregory C. Willis,* with whom was *Frederick W. Christie,* for the appellee (named defendant).

LOISELLE, J. This appeal arose from an action to recover damages for the death of the plaintiff's decedent, Albert A. Lutkus. The plaintiff alleged that the negligence of the defendant Joseph W. Kelly, the driver of the automobile leased by his employer and codefendant, Guardsmark, Inc., was the proximate cause of her decedent's death. The defendants denied the allegations of negligence and pleaded contributory negligence by the plaintiff's decedent as a special defense. A jury returned a verdict for the defendants and the plaintiff has appealed from the judgment rendered thereon.

On September 7, 1970, at about 10:30 p.m., Lutkus was driving south on route 69 in the town of Prospect. At a point approximately two-tenths of a mile north of the intersection of route 69 and Lee Road, Lutkus turned his automobile to enter a private driveway located on the easterly side of route 69. While Lutkus was turning, his car was struck by Kelly's car. The investigating police officer testified that the point of impact was in route

69's northbound lane on the extended center line of the driveway, and within three feet of the shoulder line. Lutkus, his passenger, and Kelly's passenger died as a result of this accident.

Two of the allegations of negligence in the complaint claimed excessive speed on the part of the defendant Kelly. The plaintiff called an engineer, Lawrence Lawton, as an expert witness. Lawton testified that he was a traffic engineering consultant and that he had experience in automobile accident reconstruction. There is nothing in the record or in the appendices of the parties to indicate that his qualifications as an expert were questioned. Lawton testified without objection about a planned view and a profile of the highway that he had prepared. He also testified concerning sight distances—distances at which the driver of one vehicle can see another vehicle on the roadway around an obstruction—at different locations on the highway near the private driveway where the accident occurred. A chart, based on the sight distances, was made an exhibit without objection. Thereafter, Lawton was asked what the coefficient of friction was and to explain it. Over the defendants' objection, the expert was allowed to answer the question.

The plaintiff claims error in the court's subsequent rulings concerning the expert's testimony. Lawton was asked, "[W]hat happens when two vehicles collide?" The court sustained the objection. It is apparent that the question was too general and the ruling was well within the court's discretion. Lawton was asked, "Is there a formula which expresses the relationship between the minimum coefficient of friction and the highway, the grade of the highway, as you testified to, the steepness, dis-

tance, and the speed?" Lawton answered in the affirmative. He was then asked to tell what it was. There was an objection and after a lengthy colloquy the court sustained the objection. Lawton was asked whether, after he had examined the highway, he had established a coefficient of friction for it. The objection to this question was sustained. He was then asked if there was a generally accepted standard for ascertaining the minimum coefficient of friction. The objection to this question was sustained. Lawton was asked, as an engineer, how he determined the coefficient of friction. The objection to this question was sustained. Thereafter, the plaintiff made an offer of proof, in the absence of the jury, as to the testimony Lawton would have offered. In the offer of proof Lawton explained that he was using the minimum value in the range of the coefficient of friction for a traffic-polished, asphalt road. In effect, he said he was assuming the slipperiest road under the observed physical conditions. He also explained how he would ultimately compute the speed of Kelly's car.

As previously noted, the qualifications of the expert were not questioned, and it is evident that the court determined that the expert was qualified to testify. See *Nash* v. *Hunt,* 166 Conn. 418, 425, 352 A.2d 773; *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73. It is also apparent that the subject matter of the questions asked was not such as would be within a field of opinion in which the expert was not familiar. See *Siladi* v. *McNamara,* 164 Conn. 510, 325 A.2d 277; *Dunn* v. *Finley,* 151 Conn. 618, 201 A.2d 190, cert. denied, 379 U.S. 939, 85 S. Ct. 344, 13 L. Ed. 2d 349; see also 2 Wigmore, Evidence (3d Ed.) § 555, p. 634. Nor was the testimony excluded because it

was not a proper subject for expert testimony. See *State* v. *Grayton*, 163 Conn. 104, 111, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495; *State* v. *Grosso*, 139 Conn. 229, 233, 93 A.2d 146. The finding indicates that the underlying reason for the objections and the rulings by the court was that the answers to be given were too speculative and involved too many variables. This reasoning was well exercised when the court sustained the objection to the question, "[W]hat happens when two vehicles collide?" When, however, the plaintiff attempted to lay a foundation for the ultimate opinion of the speed of Kelly's vehicle the court exceeded its discretion in sustaining the other objections.

In determining the speed of a vehicle prior to a collision, where there are sufficient physical facts, an expert is competent to give an opinion. *Thomas* v. *Commerford*, 168 Conn. 64, 69, 357 A.2d 476; *Nash* v. *Hunt*, supra; *Toomey* v. *Danaher*, 161 Conn. 204, 210, 286 A.2d 293. It is clear that the plaintiff's counsel attempted to establish the mathematical basis for an opinion. He also attempted to eliminate the variables in the determination of the coefficient of friction by using a value, in the range of values for traffic-polished roads, which would be most favorable to the defendants. When such is sought, and the question or answer is not so worded as to mislead or confuse the jury, it is admissible. Cf. *Muse* v. *Page*, 125 Conn. 219, 225–26, 4 A.2d 329; see also the cases collected in annot., 29 A.L.R.3d 248. Whether the plaintiff would have established a sufficient foundation for the ultimate opinion concerning the speed of Kelly's motor vehicle just prior to the collision is a matter in which the court would exercise its

sound discretion in that regard depending upon the foundation laid. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 666, 136 A.2d 918. The court's refusal, however, to allow a party to attempt to lay such a foundation is error. As the basis of the plaintiff's case was in large part her claim of excessive speed on the part of Kelly, the error was not harmless.

As a new trial must necessarily be ordered, the remaining assignments of error need not be discussed except one which involves an allegation of negligence in the defendants' special defense. The complaint alleged that Lutkus "turned his motor vehicle to enter a private driveway located on the easterly side of Route 69." This portion of the complaint was admitted by the defendants and, therefore, was conclusive upon them. *Bridgeport* v. *Stratford,* 142 Conn. 634, 646, 116 A.2d 508. Although the judicial admission is conclusive as to the defendants, the offers of proof by both parties in the finding unequivocally indicate that Lutkus was turning to his left to enter a private driveway. The special defense alleged, among other specifications, that Lutkus "failed to yield one-half of the traveled portion of the highway to an on-coming motor vehicle." The court in its charge instructed the jury on this allegation and charged that a violation of General Statutes § 14-231 would be negligence per se.

Section 14-231 provides: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon highways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main-traveled portion of the highway as nearly as possible." The section is operative for those motorists "proceeding in opposite directions"

and so, in this situation where the plaintiff was making a left turn, the statute would not be applicable. See *Kronish* v. *Provasoli,* 149 Conn. 368, 371, 179 A.2d 823. "It is error to submit wholly inapplicable statutes to the jury. *Angelino* v. *Hersey,* 147 Conn. 638, 640, 165 A.2d 152; *Kulinski* v. *Savin,* 125 Conn. 512, 513, 7 A.2d 436." *Galligan* v. *Blais,* 170 Conn. 73, 77, 364 A.2d 164.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.