BARBARA MEDLEY *v.* LORETTA B. MOGELNICKI, EXECUTRIX (ESTATE OF CHESTER J. MOGELNICKI), ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, BARBER and MACDONALD, JS.

Argued January 14—decision released April 13, 1976

*Allan S. Mall,* for the appellant (plaintiff).

*James J. Maher,* with whom, on the brief, were *Brian P. Maher* and *Kevin J. Maher,* for the appellees (defendants).

BOGDANSKI, J. This case arose from a collision which occurred in 1969 between the plaintiff's automobile and a truck operated by the named defendant's decedent at the intersection of route 123 and Locust Avenue in the town of New Canaan. The jury returned a verdict for the defendants, and from the judgment rendered the plaintiff has appealed.

The plaintiff's principal claim, the resolution of which is dispositive of this appeal, is that the trial court erred in charging the jury with respect to the provisions of § 14-246 of the General Statutes (repealed, 1971 Public Acts, No. 66, § 2) which concerned left turns at intersections.

At the time this appeal was processed, the rules of appellate procedure provided that claims of error addressed to the charge are tested by the claims of proof in the finding. See, e.g., *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 447, 254 A.2d 907. The finding discloses that the plaintiff offered evidence to prove and claimed to have proved the following facts: Route 123 in New Canaan is a two-lane highway running generally in a north-south direction. Locust Avenue runs generally east-west and intersects route 123 on its westerly side, but does not cross it. A stop sign on

the southwest corner of the intersection controls traffic moving easterly on Locust Avenue. On May 1, 1969, the plaintiff was operating her vehicle on Summer Street, which merges with Locust Avenue just before that stop sign. She approached the intersection, intending to turn left and go northerly on route 123. After stopping in obedience to the stop sign, she looked to the north and south on route-123 and saw the decedent's truck proceeding south on route 123, about 300 feet from the intersection. The plaintiff believed that there was no immediate hazard and proceeded into the intersection. As she was making a left turn, her vehicle was struck by the decedent's truck.

The defendants offered evidence to prove and claimed to have proved the following facts: The named defendant's decedent saw the plaintiff's vehicle waiting at the intersection. Not believing that it would pull out, the decedent continued at the same speed from the time he saw the plaintiff until she pulled out onto route 123. The plaintiff's vehicle was in both the north and south lanes of route 123 when the collision occurred.

After charging the jury on the provisions of § 14-301 (c) of the General Statutes[1] (as in effect at the time of the collision), the trial court charged

---

[1] Prior to 1971 Public Acts, No. 144, which significantly amended § 14-301 (c) of the General Statutes, that statute read: "THROUGH WAYS. STOP SIGNS. (c) The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right of way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but such driver, having so yielded, may proceed and the drivers of all other vehicles approaching the intersection shall yield the right of way to the vehicle so proceeding."

in part as follows: "Now, there is another statute, Right-of-Way: Provides that a driver of a vehicle entering the intersection of two highways, as is the case here, when about to turn into the street upon his left must yield the right-of-way to another vehicle approaching from the opposite direction, which is within the intersection, or so close thereto as to constitute an immediate hazard. . . . In such case if you find that two vehicles arriving at the intersection at approximately the same time, or under such circumstances as to involve immediate hazard, then the statute is applicable to give the right-of-way to the approaching car." General Statutes § 14-246 (repealed, 1971 Public Acts, No. 66, § 2).[2] The plaintiff's counsel duly excepted to that portion of the charge, claiming that § 14-246 was inapplicable. After the initial charge, the jury submitted a note to the court requesting that the applicable statutes be read to them again. The court read relevant portions of § 14-301 (c), and then stated: "Now, the second [statute] provides that the driver of a vehicle entering the intersection of two highways, as is the case here, when about to turn into a street upon his left, which is what it has been testified that the plaintiff was attempting to do, must yield the right-of-way to another vehicle approaching from the other direction which is within the intersection or so close thereto as to constitute an immediate hazard." The plaintiff's counsel again took exception.

In *Finkle* v. *Marino*, 151 Conn. 221, 224, 196 A.2d 437, this court unequivocally stated that § 14-301 (c)

[2] "[General Statutes] Sec. 14-246. RIGHT OF WAY AT INTERSECTION TURN. The driver of a vehicle intending to turn to the left within an intersection shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

(as then in effect), and no other statute, controlled on the issue of right-of-way at an intersection after a stop at a stop sign. "[Section 14-301 (c)] not only imposes the duty of stopping but *fully defines* the rights and duties of a driver after he has stopped *without reference to any other statute*; and these rights and duties are the same whether the other vehicle is approaching from his right or his left." (Emphasis supplied.) See also *Velardi* v. *Selwitz,* 165 Conn. 635, 640, 345 A.2d 527. Moreover, by its plain terms, § 14-246 was applicable only where vehicles approached an intersection from *opposite directions* and where one driver intended to turn left within the intersection; not where, as here, one vehicle approached the intersection from the west, and the other from the north. On the claims of proof in this case, the jury could not have found that the subject vehicles were approaching from opposite directions, or that the plaintiff had failed to stop at the stop sign. It is therefore evident that § 14-246 was not relevant to the issues presented.

It is error to submit wholly inapplicable statutes to the jury. *Galligan* v. *Blais,* 170 Conn. 73, 77, 364 A.2d 164; *Angelino* v. *Hersey,* 147 Conn. 638, 640, 165 A.2d 152; *Kulinski* v. *Savin,* 125 Conn. 512, 513, 7 A.2d 436. "Where it is done, and a proper exception is taken, the materiality of the error must be determined on the whole record before the court." *Angelino* v. *Hersey,* supra; *Kulinski* v. *Savin,* supra, 514.

The paramount issue in the present case concerned the right-of-way at the intersection. From the standpoint of each party, it was necessary that the legal principles bearing on that issue be carefully and accurately presented to the jury. *Finkle* v. *Marino,* supra 223. It is apparent that the jury

could have been confused and misled by the court's instructions concerning the right-of-way. If the jury found, as they could have on the claims of proof, that after stopping at the stop sign the plaintiff had yielded to all traffic within the intersection or so close thereto as to constitute an immediate hazard, then under the provisions of § 14-301 (c) the plaintiff could have, proceeded into the intersection and would have acquired the right-of-way with respect to all other vehicles entering the intersection. The court's instruction relating to § 14-246, however, could have reasonably led the jury to believe that even if the plaintiff had stopped and yielded to all hazardous traffic in compliance with § 14-301 (c), upon entering the intersection, she would not have acquired the right-of-way with respect to the decedent's truck. That the jury was in fact confused as to the applicable rules to be applied is suggested by their request to have the statutes reread. We conclude, therefore, that the erroneous instruction was prejudicial.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.