STATE OF CONNECTICUT *v.* NORMAN DILLON
(12838)

O'CONNELL, FOTI and HEIMAN, Js.

Argued November 30, 1993—decision released April 12, 1994

*Susan M. Hankins,* assistant public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* assistant state's attorney, with whom were *James Turcotte,* assistant state's attorney, and, on the brief, *Michael Dearington,* state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of murder in violation of General Statutes § 53a-54a (a).[1] On appeal,

[1] General Statutes § 53a-54a (a) provides: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

The defendant was found not guilty of conspiracy to commit murder in violation of General Statutes § 53a-48 (a). General Statutes § 53a-48 pro-

the defendant claims that the trial court improperly (1) refused to instruct the jury on self-defense, (2) prohibited him from offering evidence of prior criminal misconduct of the victim and two state's witnesses, (3) admitted a transcript of the testimony of a witness from the codefendant's probable cause hearing, (4) allowed the prosecution to submit claims that the defendant had intimidated state witnesses, (5) allowed the prosecutor to make improper and unlawful arguments to the jury, (6) charged the jury on consciousness of guilt, (7) granted the consolidation of the defendant's and the codefendant's cases, (8) encouraged jury deliberations during the presentation of evidence, (9) conducted a jury trial without having a twelve person jury through all portions of the trial, and (10) instructed the jury on the element of intent. We affirm the judgment of the trial court.

The facts are set forth in the companion case of *State v. Carter,* 34 Conn. App. 58, 640 A.2d 610 (1994). The additional facts necessary for a proper resolution of this appeal are as follows. The group that fired bullets at Willie Peterson and Wilbert Cannon included the defendant. The day after the shooting John Peterson identified the defendant, from a photographic array, as being at the scene of the shooting. On December 30, 1989, Cannon identified the defendant as being involved in the shooting. On January 4, 1990, Detective Anthony Dilullo of the New Haven police department interviewed Maria Diaz about the shooting. During the interview, Diaz identified a photograph of the defendant as being of one of the persons involved in the shootout.

---

vides in pertinent part: "(a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

## I

The defendant's first, second, third, fourth, fifth, sixth, eighth and ninth claims have been fully addressed in the companion case of *State* v. *Carter,* supra, 34 Conn. App. 58. That decision is dispositive of those claims.

## II

The defendant next claims that the trial court improperly granted the consolidation of the defendant's and the codefendant's cases. We are unpersuaded.

Certain additional facts are necessary for a proper resolution of this issue. On January 16, 1991, the trial court granted the state's motion to consolidate the two trials pursuant to Practice Book § 829.[2] The defendant posits that, despite the trial court's jury instruction that the cases were separate and that the jury must consider the evidence separately as to each defendant, the consolidation denied him his constitutional rights to cross-examination, confrontation and a fair trial. The defendant asserts that the trial court admitted evidence that would not have been admissible had the case not been consolidated and that the jury could not differentiate between evidence admissible against the codefendant, Che Carter, and evidence admissible against him. Specifically, the defendant claims that the transcript of Darden's testimony at Carter's probable cause hearing would not have been allowed into evidence against him. Further, the defendant claims that evidence of a threat by Carter against Cannon would not have been admitted against him. The defendant also claims that a jury instruction concerning consciousness of guilt

[2] Practice Book § 829 provides: "The judicial authority may, upon his own motion or the motion of any party, order that two or more indictments or informations or both, whether against the same defendant or different defendants, be tried together."

would not have been given by the trial court had the state not introduced evidence of Carter's attempt to hide his identity when the police attempted to arrest him.

"Whether to consolidate or sever the trials of defendants involved in the same criminal incident lies within the sound discretion of the trial court. . . . Ordinarily justice is better subserved where the parties are tried together. . . . Joint trials of persons jointly indicted or informed against are the rule, and separate trials the exception resting in the discretion of the court. . . . A separate trial will be ordered where the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused. The test for the trial court is whether substantial injustice is likely to result unless a separate trial be accorded. . . . [T]he phrase prejudicial to the rights of the parties means something more than that a joint trial will probably be less advantageous to the accused than separate trials. . . . In the determination of whether substantial injustice is likely to result from a joint trial or whether such injustice has in fact resulted, an important factor to consider is whether the defenses of the codefendant . . . are incompatible and completely antagonistic to each other. . . . The discretion of the court is necessarily exercised before the trial begins and with reference to the situation as it then appears to the court." (Citations omitted; internal quotation marks omitted.) *State* v. *Walton,* 227 Conn. 32, 56–57, 630 A.2d 990 (1993). Therefore, we must look to the facts known to the trial court before the trial. Id.; *State* v. *Carbone,* 172 Conn. 242, 259, 374 A.2d 215, cert. denied, 431 U.S. 967, 97 S. Ct. 2925, 53 L. Ed. 2d 1063 (1977).

The defendant does not argue in his brief that the defenses of the codefendant were completely antagonistic or incompatible to his at the time of the consolidation motion. Instead, the defendant looks to specific instances at trial that he claims caused substantial prejudice to him. Even though we do not look at the actual trial to determine whether the consolidation was proper, the benefit by the use of hindsight does not exhibit any prejudice against the defendant resulting from the consolidation.

As we stated in *State* v. *Carter,* supra, 34 Conn. App. 90–91, the trial court's charge on consciousness of guilt was given on the basis of testimony by several people that three black males were seen running down Asylum Street and Davenport Avenue. The charge was not given, as asserted by the defendant, on the basis of Carter's failed attempt to hide his identity. On the basis of the testimony of flight, the trial court correctly instructed the jury on consciousness of guilt as applicable to both defendants. Id. Further, as we stated in *State* v. *Carter,* supra, 75–82, the transcript was admissible against both defendants. The analysis set forth in *Carter* is applicable to this defendant as well. The testimony by Cannon that Carter threatened him also did not require a separate trial. The defendant fails to demonstrate how his rights were prejudiced by the testimony. The defendant did not object to the testimony and, more importantly, did not request any limiting instruction after the testimony. Further, the defendant used this testimony to his own advantage. On cross-examination, he stressed the fact that only Carter had threatened Cannon.

Lastly, the defendant did not request review of the consolidation claim pursuant to *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). Even had the defendant requested *Golding* review, the first prong is not satisfied. The defendant has not supplied an adequate

record for us to review. Any review that this court could afford would be based on conjecture and speculation as to the prejudice suffered by the defendant. Therefore, the record is inadequate to afford review.

## III

The defendant next claims that the trial court denied him his state and federal constitutional rights by improperly instructing the jury on the element of intent. We are unpersuaded.

Certain additional facts are necessary for a proper resolution of this issue. The trial court delivered a correct statement of the law as to the element of intent in the charge to the jury. The trial court then instructed the jury on the element of causation. The trial court stated that "[a]n act or omission to act is the proximate cause of death when it substantially and materially contributes a natural and continuous sequence unbroken by an intervening cause to the resulting death. It is the cause without which the death would not have occurred, and it is the predominating cause, the substantial factor from which death followed as a natural, direct, and immediate consequence. It is not necessary that the particular crime of harm that results from the [defendant's] act be intended when death or injury caused by the [defendant's] conduct is a foreseeable and natural result of that conduct. The law considers the chain of legal causation unbroken and holds the defendant criminally responsible." The defendant concedes that our Supreme Court recently refused to reverse the trial court on a similar charge in *State* v. *Boles,* 223 Conn. 535, 543, 613 A.2d 770 (1992). The defendant, however, urges this court to reconsider the holding in *Boles* in light of the facts in this case. Specifically, the defendant asserts that we should reconsider the decision in *Boles* because the trial court did not deliver a self-defense charge and because the defendant was charged as an aider and conspirator.

As the defendant concedes, our Supreme Court, in *State* v. *Boles,* supra, 223 Conn. 543, held that a very similar charge resulted in "no constitutional violation . . . . Further, because there was no manifest injustice, the defendant's claim does not warrant plain error review." The defendant, however, urges us to reconsider the decision by our Supreme Court because the facts of this case make the issue of intent "crucial." In *State* v. *Francis,* 228 Conn. 118, 129–31, 635 A.2d 762 (1993), our Supreme Court reaffirmed the *Boles* decision in a case where the defendant's sole defense was lack of intent. Id., 131 n.12. The Supreme Court stated that "[t]he instruction neither eliminates the element of intent, nor substitutes causation therefor. . . . [T]he instruction required the state to prove the element of intent to satisfy its burden of proving the defendant guilty of murder. There was no constitutional error." (Citation omitted.) Id., 131. The facts of this case do not require a different conclusion.

The judgment is affirmed.

In this opinion the other judges concurred.