[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I HISTORY
This is the matter of State of Connecticut v. Donald Backus, a prosecution by the State of Connecticut in a two count information charging the defendant with the crime of misconduct with a motor vehicle, General Statutes § 53a-57 and the offense of negligent homicide with a motor vehicle, General Statutes § 14-222a. The matter was tried to the Court, D'Addabbo, J., on April 17, 18, 19, 20, 24, 2000, and May 2, 3 and 4, 2000.
 II COUNT ONE
CT Page 6999 MISCONDUCT WITH A MOTOR VEHICLE, C.G.S. § 53a-57
The defendant, Donald Backus ("Defendant"), is charged by. information, with the crime of misconduct with a motor vehicle General Statutes §53a-57. The State of Connecticut ("State") alleges that Donald Backus did commit the crime of misconduct with a motor vehicle, in violation of General Statutes § 53a-57, in that on or about June 9, 1998, at approximately 6:24 p.m., at or near Harpers Ferry Road at its intersection with Route 69 and Pearl Lake Road in Waterbury, Connecticut, the said Donald Backus did operate a motor vehicle with criminal negligence and in doing so, caused the death of another person, to wit: John J. Marano.
For the defendant to be guilty of this charge, the State must prove the following elements beyond a reasonable doubt:
 (1) That the defendant caused the death of John J. Marano, through the operation of a motor vehicle;
 (2) That the defendant was criminally negligent when he caused the death, in that act or acts causing the death involved a substantial and unjustifiable risk that was not perceived by the defendant; and
 (3) That the defendant's failure to perceive that risk was so negligent as to constitute a gross deviation from the standard of care that a reasonable person would have observed under the same circumstances.
The elements are considered with the evidence presented.
Element 1
 That the defendant caused the death of John J. Marano throuqh theoperation of a motor vehicle.
Within this element, there are other requirements that must be proved by the State, some of which have been agreed upon by the parties.
(a) Identification of the Defendant
 In every criminal case, identification of the defendant must be established beyond a reasonable doubt. In this case, there is no dispute that Donald Backus was the operator of the motor vehicle CT Page 7000 ("Mitsubishi") that was involved in the accident that is the subject of this prosecution. This also has been established through the testimony of Officer Monahan and the verbal statement of the defendant. (Transcript Excerpt, April 19, 2000, pp. 3-5.)
The identification of the defendant is not contested.
The court finds that the State has established identification of the defendant, beyond a reasonable doubt.
(b) The death of John J. Marano
 The parties have stipulated to the death of John J. Marano. (State's Exhibit No. 30, Death Certificate).
The court finds that the State has established the death beyond a reasonable doubt.
(c) Operation of a motor vehicle
 The term operation, as it relates to a motor vehicle is defined, as a person, "while in a vehicle and in a position to control its movements, he manipulates, for any purpose, the machinery of the motor vehicle or any other machinery manipulable from the driver's position that affects or could affect the vehicle's movement, whether the [defendant] moves the vehicle or not." State v. Garcia, 51 Conn. App. 4, 12, 719 A.2d 1196
(1998). Motor vehicle is defined by General Statutes § 14-1 (a) (47), in pertinent part, as "any vehicle propelled or driven by any nonmuscular power."
In consideration of operation of a motor vehicle, the court has considered the testimony of Officer Monahan and the verbal statement of the defendant (Transcript Excerpt, April 19, 2000, pp. 3-5) and the testimony of Terry Prevott (Transcript Excerpt, April 17, 2000, pp. 6-8), addressing the movements of the "Mitsubishi" that is the subject of this prosecution.
The court finds the testimony of Terry Prevott credible.
The court finds that the state has established that the defendant operated the motor vehicle (Mitsubishi) that was involved in the accident beyond a reasonable doubt. CT Page 7001
 (d) Caused the death through the operation of a motor vehicle
 The court having found that the state has established beyond a reasonable doubt that the defendant was the operator of the motor vehicle, the court next addresses whether through the operation of the motor vehicle, he caused the death of John Marano.
 The State must prove beyond a reasonable doubt that the defendant through the operation of a motor vehicle caused the death of John Marano.
 This is a question of proximate cause. An act or omission to act is a proximate cause of the death "when it substantially and materially contributes, in a natural and continuous sequence, unbroken by an intervening cause to the resulting death. It is [a] cause without which the [death] in this case, would not have occurred and [a] predominating cause, [a] substantial factor, from which [the] death follows as a natural, direct and immediate consequence." State v. Delgado, 50 Conn. App. 159, 173 718 A.2d 437 (1998).
It does not matter whether this particular kind of harm that results from the defendant's acts be intended by him, when the result caused by the defendant's conduct is foreseeable and a natural result of that conduct, the law considers the chain of legal causation unbroken and holds the defendant responsible. State v. Dillon, 34 Conn. App. 96, 102,640 A.2d 630 (1994) rev'd on other grounds 232 Conn. 537, 656 A.2d 657
(1995).
The court considers the testimony of Ms. Prevott concerning the contact between the vehicle operated by Brian Batista and occupant, the deceased John Marano, (Jeep) and the "Mitsubishi" and the actions of the Jeep in rolling over post contact. (Transcript Excerpt, April 17, 2000, p. 23.) As previously indicated, the court finds the testimony of Ms. Prevott to be credible. Her testimony was based upon her vehicles position behind the "Mitsubishi" for a period of time and her position to observe the collision as it occurred. The court also considered the testimony of Timothy Collins describing hearing the contact and then saw the "Jeep" flip over. (Transcript Excerpt, April 17, 2000, p. 36)
Considering all these facts in light of this element the court finds that the state has proven beyond a reasonable doubt the death of John CT Page 7002 Marano was caused through the operation of the defendant's vehicle.
The court finds that the state has proven beyond a reasonable doubt the first element of this offense, that the defendant caused the death of John J. Marano, through the operation of a motor vehicle.
Element 2
 That the defendant was criminally negligent when he caused the death.
Element 3
 That failure to perceive the risk was so negligent as to constitute agross deviation from the standard of care that a reasonable person wouldhave observed under the same circumstances.
 "Criminal negligence" is defined in § 53a-3 (14) of the Penal Code, which provides as follows: "A person acts with `criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." "Proof of that mental state requires that the failure to perceive [the risk] must be a gross deviation from the standard of a reasonable man; thus, it requires a greater degree of culpability than the civil standard of negligence." (Internal quotation marks omitted.) State v. Ortiz, 29 Conn. App. 825, 833, 618 A.2d 547 (1993). The standard of conduct of a reasonable person in the same situation as the defendant is the doing of something that a reasonably prudent person would do under the circumstances or omitting to do what a reasonably prudent person would not do under the circumstances. . . . A gross deviation is a great or substantial deviation, not just a slight or moderate deviation. There must be a great or substantial difference between, on the one hand, the defendant's conduct in failing to perceive a substantial and unjustifiable risk, and, on the other hand, what a reasonable person would have done under the circumstances.
CT Page 7003 Whether the risk is substantial and unjustifiable is a question for [the fact finder to determine]." State v. Otto, 50 Conn. App. 1, 11,717 A.2d 775, cert. denied, 247 Conn. 927, 719 A.2d 1171 (1998). And if this is established beyond a reasonable doubt the court must consider if the state has proven the third element that failure to perceive the risk was so negligent as to constitute a gross deviation from the standard of care that a reasonable person would have observed under the same circumstances.
To determine if the state has proven beyond a reasonable doubt, that the defendant acted with criminal negligence, the court has considered the testimony and evidence presented at the trial. The facts which the. court found credible are that the defendant was operating his motor vehicle on Harpers Ferry Road, Waterbury on June 9, 1998. The testimony indicated that the defendant approached the point in line of the traffic control signals at that road location. (Prevott excerpt pp. 9, 19 et seq.)
Vehicles intending to make a left hand turn from Harpers Ferry Road to Hamilton Avenue, Route 69 (phase 5 cycle) receive an advance green arrow signal for 8 seconds, followed by yellow arrow signal for 3 seconds followed by a solid green signal (Transcript Excerpt, April 19, 2000, p. 1-5). The advance or "exclusive" left hand turn ends once the traffic control signal turns to the green ball. The traffic proceeding into the intersection from Pearl Lake Road also has a solid green traffic control light and is allowed to proceed across to Harpers Ferry Road. (Transcript Excerpt, April 19, 2000, p. 1-5). Brian Batista, the operator of the "Jeep" testified that while traveling from Pearl Lake Road to Harpers Ferry Road he observed the "Mitsubishi" with its wheels turned left and its left turn indicator light on. (Transcript Excerpt, April 17, 2000, pp. 1-3). Ms. Prevott testified that she was on Harpers Ferry Road behind the "Mitsubishi" in the left hand turn lane. (Transcript Excerpt, April 17, 2000, pp. 6, 20). Ms. Prevott further testified that she observed the traffic control signal turn to a "left green arrow", then to a yellow left arrow and then to the green ball (Transcript Excerpt, April 17, 2000, p. 10)
The "Jeep" was observed by Ms. Prevott to come across the intersection from Pearl Lake Road (Transcript Excerpt, April 17, 2000, p. 10)
The left front portion of the defendant's vehicle struck the rear left side of the Jeep at or near the step and left rear tire area. (See State's Exhibit #11).
After impact the Jeep moved from side to side, straightened out, and then flipped over. CT Page 7004
The testimony of Ms. Prevott (Transcript Excerpt, April 17, 2000, p. 13) and Mr. Collins (Transcript Excerpt, April 17, 2000, p. 39) indicated that the "Mitsubishi" did not move after impact. The defendant stated to Officer Monahan that after impact, he did not move his vehicle.
Point of impact has been presented at Point B of State's exhibit #39 which is 109 feet east and 27 inches south to right front tire of "Mitsubishi".
(Testimony of Officer Monahan Transcript Excerpt, p. 2) Officer Monahan determined this location as point of impact because of physical evidence of the scuff marks near the "Mitsubishi" and the orange plastic lense pieces. (Transcript Excerpt, April 19, 2000, p. 2).
The court also considers the testimony of Officer Monahan that the defendant stated on the date of the accident "that he had a yellow left turn light, was proceeding to make a left turn to Prospect Street from Harpers Ferry Road, the sun was in his eyes at one point and he didn't see the Jeep coming." (Transcript Excerpt, April 19, 2000, p. 4). The impact was at the driver's side of the Jeep, after the Jeep had passed across Route 69.
The court finds the testimony of Officer Monahan credible.
These facts are applied to the acts of the defendant in light of Connecticut motor vehicle laws presented at trial.
General Statutes § 14-242 (a) reads in pertinent part that:
 (a) No person shall turn a vehicle at an intersection unless the vehicle is in a proper position on the highway as required by section 14-241 . . . no person shall so turn any vehicle without giving an appropriate signal in the manner provided in section 14-244.
Connecticut General Statutes § 14-241 reads in pertinent part:
 (b) At any intersection where traffic is permitted to move in both directions on each highway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the highway nearest the center line thereof and by passing to the right of such center line where it enters the intersection, and after entering the intersection the left turn shall be made so as to leave the CT Page 7005 intersection to the right of the center line of the highway being entered.
Intersection has been defined by Connecticut statutes as follows:
Section 14-212. Definitions
 (4) Intersection means the area embraced within the prolongation of the lateral curb lines of two or more highways which join one another at an angle, whether or not one of the highways crosses the other.
The court has considered the considerable testimony offered by Officer Monahan and Mr. Cei concerning the definition of intersection and that definition applied to this intersection. The court considers the testimony of Officer Monahan as credible when determining the area of definition of the intersection. Although it does appear that there may be room for some interpretation, the presentation of the intersection within state's exhibit #39 is a credible interpretation of section 14-212 (4). The point of impact, (Point B on State's Exhibit #39), is not within any area outlined as "the intersection". The court has considered the testimony of Mr. Cei and considers his investigation, which, as he testified, were based upon the investigation and work product of Officer Monahan who investigated the accident on that date.
Again, considering the testimony of Ms. Prevott and the point of impact, as has been established, both as to location on the roadway and on the subject vehicles, the court finds beyond a reasonable doubt that the State has proved that the defendant violated section 14-242 (a) in that he made an improper left turn.
The court also considers the testimony of Ms. Prevott and Mr. Batista as it relates to the "solid green ball" traffic control signal for Harpers Ferry Road and Pearl Lake Road.
The court considers that testimony and again the "point of impact" as to Connecticut General Statutes § 14-246a, which reads in pertinent part:
 Sec. 14-246a. Right-of-way at junction of highways.
The driver of any vehicle on a highway which joins but does not cross another highway shall, unless otherwise directed by a traffic officer, grant the right-of-way at the point where such highways join to any vehicle approaching on the other highway from either direction when such vehicles are arriving at approximately the CT Page 7006 same time at the area which would be common to both highways if they crossed each other.
The court has considered the credible evidence of the point of impact on the vehicles, and on the roadway, the testimony concerning the color of the traffic control signal and the position of the "Mitsubishi" in attempting to make a left hand. As previously stated, the court finds this evidence credible.
The court finds that the state has proven beyond a reasonable doubt that the defendant breached the statutory duty of care by failing to grant the right-of-way at junction of highways.
As indicated, the court has considered all the evidence presented and reasonable logical inferences a fact finder may properly draw.
The court finds that the state has established beyond a reasonable doubt that the defendant breached the duty of due care in the operation of a motor vehicle by breaching the duties presented within section 14-246a
and 14-242 (a) and section 14-246a.
The court must next address if the conduct is "criminal negligence" as previously defined as "A gross deviation from the standard of care."
The court must determine whether the failing to grant the right of way on the roadways, or making an improper left turn or a combination of both with the factor of sunshine at a five-way intersection, criminal negligence?
"Criminal negligence, by its definition, requires the actor to fail to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists."
Failure to perceive the risk must be a gross deviation from the standard of a reasonable man. A gross deviation is a great or substantial deviation not just a slight or moderate deviation. State v. Otto, supra,50 Conn. App. 11.
In considering this element and the facts established at trial, the court looks to other cases involving the arrest and conviction of individuals for misconduct with a motor vehicle, General Statutes §53a-57. In State v. Gilbert, 30 Conn. App. 428, 620 A.2d 822 (1993), aff'd, 229 Conn. 228, 640 A.2d 61 (1994) a defendant was convicted of misconduct with a motor vehicle and manslaughter with a motor vehicle, as a result of operating a motor vehicle after consuming alcoholic beverages. The defendant was observed entering his vehicle unstable. Id. CT Page 7007 The defendant proceeded on Route 6 and collided with another vehicle fatally injuring another person. Id.
In State v. Ortiz, supra, 29 Conn. App. 825, a defendant was convicted of misconduct with a motor vehicle, when after consuming intoxicating liquors his vehicle was struck by a speeding motorcycle killing the occupants of the motorcycle. The jury concluded that this was criminal negligence in operating his motor vehicle while under the influence of intoxicating liquors, he failed to perceive the substantial and unjustifiable risk that he would be unable to take proper safety precautions. Id.
In State v. Dawson, 23 Conn. App. 720, 583 A.2d 132 (1991), a defendant was convicted of the crimes of manslaughter with a motor vehicle and of misconduct with a motor vehicle, when the. defendant was operating a motor vehicle after consuming intoxicating liquor, at a high rate of speed and crossed the center line, fatally injuring another person. InState v. Wilkinson, 176 Conn. 451, 408 A.2d 232 (1979), a defendant was convicted of misconduct with a motor vehicle, while racing his vehicle.
The court considers the testimony of Ms. Prevott as to the actions of the defendant in attempting to make a left hand turn; the testimony of Officer Christopher Start that there was no evidence of any alcohol or narcotics use by the defendant (Transcript Excerpt, April 18, 2000, p. 1); the testimony of John Gentile that there was no mechanical problems with the defendant's vehicle, (Transcript Excerpt, April 19, p. 1); the testimony of Officer Monahan that speed was not a factor in this accident. (Transcript Excerpt, April 24, 2000, p. 1).
These factors are considered with the definition of criminal negligence. What was the defendant's state of mind. These factors considered by the court and the inferences that can be drawn, do not establish the state of mind of the defendant that he failed to perceive a substantial and unjustifiable risk that such result will occur or that such circumstances exist. Nor has the state established that the failure to perceive the risk was a gross deviation from the standard of a reasonable man.
Therefore, the court finds that the state has not established beyond a reasonable doubt that the defendant acted with criminal negligence.
After a consideration of the facts, the cumulative effect of the facts and inferences reasonably drawn therefrom, the court finds that the state has not established the elements of misconduct with a motor vehicle beyond a reasonable doubt. Judgment of acquittal as to this count is granted. CT Page 7008
 III COUNT TWO NEGLIGENT HOMICIDE, C.G.S. § 14-222a
The Second Count of the Information,
The said Senior Assistant State's Attorney further charges the said Donald Backus did commit the offense of Negligent Homicide with a motor vehicle in violation of Connecticut General Statutes § 14-222a, in that on or about June 9, 1998, at approximately 6:24 p.m., at or near Harpers Ferry Road at its intersection with Route 69 and Pearl Lake Road in Waterbury, Connecticut, the said Donald Backus did cause the death of another person, to wit: John J. Marano, in consequence of the negligent operation of his motor vehicle.
The defendant is charged with Negligent Homicide with a motor vehicle in violation of Section 14-222a of the Connecticut General Statutes, which provides as follows:
 A person is guilty of negligent homicide with a motor vehicle when in consequence of the negligent operation of a motor vehicle, causes the death of another person.
I. ELEMENT'S
For the defendant to be found guilty of this charge, the state must prove the following elements beyond a reasonable doubt:
(1) The death of a person;
 (2) That the defendant operated the motor vehicle in a negligent manner;
 (3) That the defendant caused the death of a person through the operation and instrumentality of a motor vehicle.
These three elements require proof beyond a reasonable doubt of the following:
(a) That John J. Marano died;
 (b) That the defendant Donald Backus was operating his CT Page 7009 motor vehicle in a negligent manner; and
(c) That the negligent operation caused that death.
The court has addressed some of these elements in its decision on the first count of the information.
Element (A) Death of a Person
 For the reasons stated previously, the court finds that the state has proved this element beyond a reasonable doubt.
Element (B) That the defendant was operating his motor vehicle in a negligent manner
 This element has two requirements within it; (1) the operation of a motor vehicle by the defendant and (2) operation in a negligent manner.
(1) Operation
For the reasons stated previously, the court finds that the state has proved operation of the motor vehicle, the "Mitsubishi" by the defendant, beyond a reasonable doubt.
(2) Negligence
Negligence is the violation (or breach) of a legal duty that one person owes to another to exercise reasonable care for the safety of that person or that person's property.
 (i) General Summary of Duty — Statutory and common law
 (a) legal duties arise from two sources — legislation and the common law. The legislature's enactment of a law governing all conduct, that we do something or refrain from doing something creates a duty.
 Statutory negligence is the failure to conform one's conduct to a duty imposed by the legislature. State v. Russo, 38 Conn. Sup. 426, 450 A.2d 857 (1982).
 (b) Common law duty refers to duties that are not CT Page 7010 created by the legislature but arise from the general duties that all members of society have to use reasonable care, under the circumstances for the safety of others.
Common law negligence is the failure to use reasonable care under circumstances.
Reasonable care is the care that a reasonably prudent person would use in the same circumstances. Hoelter v. Mohawk Services, Inc., 170 Conn. 495,501, 365 A.2d 1064 (1976); Gugliermo v. Klausner Supply Co., 158 Conn. 308,318, 259 A.2d 608 (1969).
Thus "negligence" is doing something that a reasonably prudent personwould not do under the circumstances, or failing to do what a reasonably prudent person would do under the circumstances. The use of proper care in a given situation is the care that an ordinarily prudent person would use in view of the surrounding circumstances.
In determining the care that a reasonably prudent person would use in the same circumstances, consideration must be given to all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Galligan v. Blaine, 170 Conn. 73,77, 364 A.2d 164 (1976). The care must be proportionate to the danger, with all the surrounding circumstances being considered.
Before determining whether the defendant used reasonable care, the court first must determine whether the defendant owed another person a duty of care.
The ultimate test of the existence of a duty to use reasonable care is to be found in the forseeability that harm of the general' nature as to that which occurred may result if that care is not exercised.
Therefore, in the case before the court, the state must prove beyond a reasonable doubt that the defendant, Donald Backus, in view of the circumstances as he knew them or in the reasonable exercise of his faculties should have known them, should have reasonably anticipated that unless he used reasonable care, harm of the same general nature as that inflicted upon John Marano would or could occur to some person.
Due care in the operation of a motor vehicle
The law requires that the operator of a motor vehicle shall use reasonable care under all the circumstances known to the driver or that the driver should have known. Reasonable care means the care of a reasonably prudent person. A driver on the highway has the duty and the CT Page 7011 right to assume that others who use the highway will obey the law regarding traffic regulations; and that those others will observe the duty of reasonable care, until such time as a driver knows, or in the exercise of reasonable care should have known, that such an assumption was not longer warranted. Podziewski v. Gaumond, 124 Conn. 157, 159,198 A.2d 569 (1930).
The court has previously addressed the issue of which the defendant breached the statutory duty of due care. The court has found that the state has proven beyond a reasonable doubt that the defendant violated C.G.S. § 14-242 (a) and C.G.S. § 14-246a.
The court finds that the state has proven beyond a reasonable doubt that the defendant, by his actions, breached his duty of due care in the operation of a motor vehicle.
The court incorporates its previous finding and finds that the state has proven this element beyond a reasonable doubt.
Element (C) That the defendant caused the death of John Marano through the operation and instrumentality of a motor vehicle.
The court has previously defined the principles of causation.
Applying those principles to the present case, the causation element requires that the state prove beyond a reasonable doubt, first that the death of a person in a natural and continuous sequence, unbroken by an efficient, intervening cause.
The court has considered the evidence presented, and has previously addressed the question of proximate causation. The court incorporates its previous finding as to causation. For the reasons previously stated the court finds that the state has proved causation beyond a reasonable doubt.
Therefore, the court finds that from the cumulative effect of the credible facts, and all inferences reasonably drawn therefrom, the state has proved each of the elements of negligent homicide with a motor vehicle beyond a reasonable doubt.
Those elements being:
1) The death of a person, John Marano;
 2) That the defendant operated the motor vehicle in a negligent manner; and
 3) The defendant caused the death through operation of the motor vehicle.
Therefore, the court finds the defendant, Donald Backus, guilty of negligent homicide in violation of General Statutes § 14-222a.
D'ADDABBO, J. CT Page 7012